227 P.2d 937

**STATE ex rel. DE MOSS v. DISTRICT COURT OF THE SIXTH JUDICIAL DIST.**

**No. 5347.**

Supreme Court of New Mexico.

Feb. 13, 1951.

H. Vearle Payne, Lordsburg, Hodges & Hodges, Silver City, for relator.

J. R. Wrinkle, Silver City, Bert Newland, Deming, for respondent.

McGHEE, Justice.

The relator seeks to prohibit the trial of a case pending in the District Court of Grant county filed October 17, 1949, entitled "Lettie Mae Mathis, administratrix of the estate of James B. Mathis, Sr., versus E. C. DeMoss," wherein damages are sought on account of the claimed negligence of DeMoss in performing surgery on James B. Mathis, Sr., on October 7, 1948, which it is claimed caused his death on October 18, 1948.

The administratrix was appointed by the District Court of Grant county on February 28, 1949, following the filing of a petition in that court asking such action.

The relator sets up two grounds for the issuance of the writ. First, that the District Court was without jurisdiction to appoint an administratrix in an action originally filed in that court; and, second, that the right to maintain the action is barred because suit was not brought within one year after the commission of the claimed tort.

As an administrator appointed for the purpose of bringing action under the wrongful death statute, Sec. 24–101, 1941 Compilation, is a mere statutory trustee for the purpose of prosecuting the action for the benefit of the persons entitled to the recovery and disbursing it to the persons entitled to receive it, Henkel v. Hood, 49 N.M. 45, 156 P.2d 790, and has nothing to do with the probating of the estate, and the further fact that the second ground is decisive of the case, we do not deem this a proper one in which to determine the constitutionality of Sec. 16–312, 1941 Compilation, which declares the District Court shall have original, concurrent probate jurisdiction with the Probate Court. State ex rel. Sanchez v. Stapleton, 48 N.M. 463, 152 P. 2d 877.

The action was filed below under Sec. 24–101, 1941 Compilation, which reads as follows: "Whenever the death of a person shall be caused by the wrongul act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

The relator contends this is a survival statute and the plaintiff below under Sec. 24–102, 1941 Compilation, had only one year from the time of the alleged tort in which to file suit; while the respondent contends that on the death of Mathis a new cause of action arose on behalf of the beneficiaries, and limitation only ran against them from the date of his death.

Our wrongful death statute was taken from Missouri, and at the time of its adoption the Supreme Court of that state held it was a survival statute, and a new cause of action in favor of the beneficiaries did not arise on the death of the injured party. We had the question before us in Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540, where the Missouri cases on the subject before and for some time after our adoption of the statute were discussed. We followed the Missouri cases and held Sec. 24–101, supra, was a survival statute.

The respondent calls our attention to the statement of Mr. Justice Bickley in his

specially concurring opinion in the Henkel case, supra, as follows: "This cause of action arose upon the death of the deceased July 28, 1942; * * *." [49 N.M. 45, 156 P.2d 795.] An examination of the record in that case discloses the fact that the deceased was instantly killed, so there was no occasion for distinguishing between the time of the injury and of death as applied to the time for bringing suit. The quoted language, therefore, does not assist us in determining the question now under consideration.

██ The respondent also argues with considerable force that as the Supreme Court of Missouri has since overruled its former decisions and now holds the statute creates a new cause of action in favor of the beneficiaries on the death of the injured party, as evidenced by the case of Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, decided November 29, 1933, we should now overrule the Hogsett case. Our decision in that case was three years after the Cummins case, supra, and we there followed the Missouri cases decided prior to our adoption of their statute. We feel any change in the rule should be made by the legislature and not by us. It is clear that not only the remedy but the right to maintain the suit was barred at the time the complaint was filed.

The only remaining question is whether this is such a case as calls for the exercise of our superintending control over the lower court.

In State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court, 38 N.M. 451, 34 P.2d 1098, we declined to issue a writ of prohibition in a case brought under the Workman's Compensation Act, 1941 Comp. § 57–901 et seq., where the claim had not been filed until after the right to do so had passed, saying we would not interfere even though it was clear the trial court had erroneously refused to dismiss the claim, as here where the trial court had erroneously held the right to prosecute the cause of action was not barred. There we followed the case of Gilmore v. District Court, 35 N.M. 157, 291 P. 295, 297, where we said: "If the inferior court or tribunal has jurisdiction of both the subject matter and of the person where necessary, the writ of prohibition will not issue, but lacking such jurisdiction the writ will issue as a matter of right."

Assuming the plaintiff was at least a de facto administratrix, the trial court has jurisdiction of the parties and the subject matter. We will assume the trial court had complete jurisdiction for the purpose of deciding whether the writ should issue.

The two cases cited next above have been followed by us and prohibition denied where the lower court had jurisdiction of the subject matter and the parties where jurisdiction only was made the test. However, in

the case of State ex rel. Transcontinental Bus Service, Inc., v. Carmody, 53 N.M. 367, 208 P.2d 1073, prohibition was granted in the exercise of our superintending control. There suit had been filed to set aside the action of the Corporation Commission in granting a certificate of public convenience and necessity for the operation of a bus line, and after a hearing the District Judge had announced his intention to remand the case to the Corporation Commission for a new hearing in the light of conditions then existing. An application was made to us to exercise our superintending control and prohibit the intended act on account of the large expense to the parties and the delay that would be occasioned. We granted the petition for the reasons just stated, warning the members of the bar at the time that such control would be thereafter exercised only in cases where the remedy by appeal would be grossly inadequate, or where it is otherwise necessary to prevent irreparable mischief or exceptional hardship, costly delays and undue burdens of expense. The case contains an exhaustive review of the authorities and the reader is referred to it for a complete statement of our views on the subject.

■ Here we have a malpractice case against a physician and surgeon practicing in Lordsburg, New Mexico. According to unquestioned statements made at the oral argument and in the briefs, the physician and surgeon who assisted the defendant in performing the operation is dead and his testimony has not been preserved. The trial would necessarily be expensive to the parties and, regardless of the verdict, the professional reputation of the defendant would be damaged. If a verdict should be returned against the defendant, he would be burdened with the expense of an appeal, and under our decision in the Hogsett case, supra, which we here reaffirm, the judgment would be reversed and the case remanded with instructions to dismiss it, all without benefit to any one. Such was the result that followed our denying the writ in State ex rel. St. Louis, Rocky Mountain and Pacific Co. v. District Court, supra, as evidenced by our opinion in Vukovich v. St. Louis, Rocky Mountain & Pacific Co., 40 N.M. 374, 60 P.2d 356. It will be noted, however, that there are stronger reasons for employing prohibition in the exercise of our superintending control in the case at bar than were present in the case just cited.

We are of the opinion this is a proper case for the exercise of our power of superintending control, and the alternative writ of prohibition heretofore issued should be made absolute.

It is so ordered.

LUJAN, C. J., and SADLER and COMPTON, JJ., concur.

COORS, J., not participating.