361 P.2d 149

James M. KILKENNY, Individually; James M. Kilkenny, as Next Friend to Stephen Kilkenny, Mary Louise Kilkenny, Josephine Kilkenny and Marguerite Kilkenny, Minors; and James M. Kilkenny, as Administrator of the Estate of Erma Kilkenny, Deceased, Plaintiffs-Appellants,

v.

Dr. Bergere KENNEY, and Sisters of Charity of Cincinnati, Ohio, a Corporation, Defendants-Appellees.

No. 6753.

Supreme Court of New Mexico.

Feb. 16, 1961.

Rehearing Denied May 5, 1961.

Lyle E. Teutsch, Jr., Thomas A. Donnelly, Santa Fe, for appellants.

Seth, Montgomery, Federici & Andrews, Gilbert, White & Gilbert, Santa Fe, for Dr. Bergere Kenney.

Richard C. Civerolo, Albuquerque, for Sisters of Charity of Cincinnati.

COMPTON, Chief Justice.

Appellant, individually, as next friend of his minor children, and as the administrator of the estate of Erma Kilkenny, deceased, brought this action for damages allegedly resulting from the negligence of the appellees.

The appellant's complaint, filed November 12, 1959, alleges that on December 11, 1955, Erma Kilkenny, upon the recommendation of appellee Kenney, was admitted to St. Vincent Hospital in Santa Fe, which was owned and operated by appellee, Sisters of Charity, for the specific purpose of having her diet adjusted as a diabetic; that her ailment and the purpose for which she was admitted were fully known to appellees; that on the 12th day of December, 1955, while Erma Kilkenny was in the exclusive care of appellees, she suffered a diabetic coma, or insulin shock, due to the negligence of appellees, resulting in total incompetence and from which she died December 2, 1958.

Appellant's complaint was for three separate causes of action, although the same were commingled. These were: (1) Action by appellant as husband for hospital and medical expenses and loss of consortium between the date of the injury and date of death; (2) action by the husband as administrator, for decedent's damages between the injury and her death; and (3) action by husband, for himself and as next friend of the children, for damages under the Wrongful Death Act (§ 22-20-1 et seq., N.M.S.A., 1953 Comp.).

Appellees moved for a dismissal of the complaint on the ground that the complaint failed to state a cause of action, and further on the ground the action was barred by the statute of limitations. From an order dismissing the cause, appellant appeals.

The questions for our determination are: (a) Whether the Wrongful Death Act applies to the husband's cause of action for hospital and medical expenses and loss of consortium incurred preceding death; and

(b) whether the decedent's administrator can recover damages between the date of injury and the date of death, and if so, must the suit be brought within three years of the date of the injury, or within one year from the date of the death, in view of the incompetency of the decedent. The sections read:

"22–20–1. Death by wrongful act or neglect—Liability in damages.— Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

"22–20–2. Limitation of actions.— Every action instituted by virtue of the provisions of this and the preceding section must be brought within three (3) years after the cause of action shall have accrued."

"22–20–3. Personal representative to bring action—Damages—Distribution of proceeds of judgment.—Every such action as mentioned in section 1821 (22–20–1) shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of the deceased child, but shall be distributed as follows: * * *."

It is well settled in this jurisdiction that under the Act an action may be brought only by the personal representative or representatives of the deceased, and that damages recovered for such wrongful death are to be distributed to the surviving parties entitled to the judgment. And it is clear that the action must be brought within three years of the accrual date, in this instance December 11, 1955. Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274; State

ex rel. De Moss v. District Court of the Sixth Judicial District, 55 N.M. 135, 227 P.2d 937; Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540. To the same effect see Tilly v. Flippin, 10 Cir., 237 F.2d 364. Also see 16 Am.Jur. (Death) § 197; Annotation 173 A.L.R. 750; and 34 Am.Jur. (Torts) § 160. Thus, it is clear, as admitted by appellant, that the cause of action on behalf of the children is barred.

■ With reference to the appellant's personal cause of action as the husband, there is no question but that under the common law the husband would have been entitled to recover, whether death ensued or not. See Annotation 66 A.L.R. 1189. The statute quoted states that the damages shall take into consideration "the pecuniary injury or injuries resulting *from such death* * * *." The damages sought by appellant as to this cause of action have nothing whatsoever to do with the death, and we do not believe that the Wrongful Death Act applies to common law remedies that heretofore existed and were not repealed by the Act. See Restatement of the Law, vol. 3, Torts, § 693:

> "One who by reason of his tortious conduct is liable to a married woman for illness or other bodily harm is subject to liability to her husband for the resulting loss of her services and society, including any impairment of her capacity for sexual intercourse, and for any reasonable expense incurred by him in providing medical treatment."

And under *"Comment,"* the heading *"d. Separate character of action by husband,"* the following statement appears:

> "* * * Unless, therefore, the actor has become liable to the wife, he cannot be subject to liability to her husband under the rule stated in this Section. However, the two liabilities are distinct. Thus, the fact that the statute of limitations has run against the wife's cause of action will not necessarily prevent the husband from prosecuting his action. So, too, the fact that the wife's action has abated, by reason of her death, will not affect the husband's right to sue * * *."

See, also, *"Comment, e. Damages."* Also the Annotations in 21 A.L.R. 1523, 133 A.L.R. 1157 and 36 A.L.R.2d 1334 review many cases which discuss this and allied questions. In Follansbee v. Benzenberg, 1954, 122 Cal.App.2d 466, 265 P.2d 183, 42 A.L.R.2d 832, the court ruled that a wife had the right to recover for her deceased husband's medical expenses, and this in a case factually similar to the instant one, even to the extent of commingling of the various causes of action, although it involved the additional factor of the wife's obligations and right of action. See, also, Annotation 42 A.L.R.2d 843.

■ Thus, we believe that the plaintiff had a right to recover under this cause of action, provided his action was timely commenced. With respect to this, it is contended by appellant that § 23–1–4, N.M.S.A., 1953 Comp., applies, being a 4-year statute of limitations, this particular section having to do with the time for bringing actions on accounts, injuries to property, and other actions not specifically provided for. Appellee, however, contends that § 23–1–8, N.M.S.A., 1953 Comp., applies, this being a 3-year statute of limitations, for causes of actions, among other things, "for an injury to the person or reputation of any person, * * *."

■ In view of this language, we hold that § 23–1–8, supra, is the applicable statute, and that for such an action as brought by the appellant here, as husband, the same should have been filed within three years from the date of the injury. This not having been done, that portion of the complaint is barred by statute.

■ Proceeding to the question of the right of the administrator to recover damages sustained by decedent between the date of the injury and the date of death, it would appear that this cause of action clearly falls within the provisions of the Wrongful Death Act, supra. There is some conflict in the cases (see Annotation and cases cited therein, 54 A.L.R. 1077–1079; see, also, Annotation 66 A.L.R. 1189); but we are of the opinion that the provision in § 22–20–3, supra, which allows a consideration of the mitigating or aggravating circumstances attending the wrongful act, when considered with the language contained in § 22–20–1, supra, warrants the allowance to the administrator of the decedent's damages prior to death, provided they are not the same as those for which the husband, individually, has a right of recovery.

The question then arises as to which statute of limitations applies with respect to the bringing of such action, i. e., whether the Wrongful Death Act, which we have held is a survival statute, gives the right of action and provides the exclusive remedy with respect to this claim (State ex rel. De Moss v. District Court of the Sixth Judicial District, supra; Natseway v. JoJola, supra), or whether some other provision applies.

■ Appellant relies upon the provisions of § 23–1–11, N.M.S.A., 1953 Comp., which allows the administrator one year from the date of death of an incompetent to bring suit. However, as we construe the statutes, the Wrongful Death Act applies where the injury sued upon resulted in death, and that therefore the action must be brought within three years and § 23–1–11, supra, does not toll the three-year limitation.

So that there will be no question with respect to this ruling, we hold that § 23–1–11,

supra, would allow the bringing of suit within one year from the date of death of an incompetent, provided the injury sued upon did not result in death, but if suit is brought under the Wrongful Death Act the action must be commenced within three years of the accrual of the cause of action. Compare, Hebenstreit v. Atchison, Topeka & Santa Fe Ry. Co., 1959, 65 N.M. 301, 336 P.2d 1057.

It follows that the court did not err in dismissing the complaint, and its order should be sustained. It is so ordered.

CARMODY and NOBLE, JJ., concur.

CHAVEZ and MOISE, JJ., not participating.