379 P.2d 765

**Rudolph L. BACA, Administrator of the Estate of Bruce Baca, an infant, deceased, Plaintiff-Appellant,**

**v.**

**Adiel S. BACA and Margaret Baca, his wife, Defendants-Appellees.**

No. 7027.

Supreme Court of New Mexico.

March 13, 1963.

Smith, Kiker & Kitts, Richard E. Ransom, Albuquerque, for appellant.

Iden & Johnson, James T. Paulantis, Albuquerque, for appellees.

NOBLE, Justice.

Action was brought against defendants by the administrator of the estate of Bruce Baca, an infant, for the wrongful death of the infant caused by the alleged negligent operation of an automobile by the defendant Margaret Baca. Appeal was taken from a judgment following a jury verdict finding the issues in favor of defendants.

Bruce Baca, age three years and three months, the son of Rudolph L. and Urcy Baca, was playing across the street from the Baca home at about 4:50 p. m. on July 2, 1959. Mr. Baca was not at home at the time. Upon being told by older children that Bruce was across the street, Mrs. Baca went immediately to the curb, and seeing no cars approaching, called to Bruce to come across the street. He continued looking at a culvert with a companion for some moments and when he did start across the street, his mother saw defendant's car approaching, motioned to him to go back and called "go back, there's a car coming." The child continued running across the street and was struck and killed by the car driven by defendant Margaret Baca. The two Baca families are not related.

Defendants plead, as a second defense, the contributory negligence of Urcy Baca, mother of the child, and that she was agent of the community of her husband and herself, and that the negligence of the wife is imputed to the husband.

Plaintiff urges error in the denial of his motion to strike the second defense (contributory negligence of the child's mother), made both at a pre-trial hearing and at the conclusion of all the evidence. An instruction directing the jury to find for defendants if the jury found that the child's mother was guilty of negligence proximately contributing to the death is also asserted as error. These two claimed errors present the same legal question and will be considered together.

The first question posed is whether under the New Mexico wrongful death statute the contributory negligence of a person who will ultimately receive the benefit of a recovery bars the right of recovery in whole or in part. The precise question is one of first impression in this jurisdiction and the courts of other states are not in accord, the reasons for divergence of opinion being largely the difference in a construction of the various state statutes. This is illustrated by the following from Restatement, Torts, § 493:

"The effect of the contributory negligence of a beneficiary under a death statute depends upon the provisions of the statute."

Section 22–20–1, N.M.S.A.1953 reads: "Whenever the death of a person shall

be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

Section 22–20–3, N.M.S.A.1953, provides that actions for wrongful death, other than by a public conveyance, shall be brought by and in the name of the personal representative; that the proceeds of any judgment shall not be liable for any debt of the decedent; and, specifies the beneficiaries or persons to whom the proceeds of such recovery shall be distributed. In the case of an unmarried and childless minor, the surviving father and mother "shall have an equal interest in the judgment."

Comment (a) under the Restatement rule, Torts, § 493, illustrates the purpose of the three usual and different types of statute, and states the majority rule in each such type of statute:

"The purpose of the more usual form of statute is to compensate the survivors for the benefits which they would have derived from the earning power of the decedent had his life not been cut short. The sum recovered is distributed in various ways by the various statutes among the survivors who, had the decedent lived, would have benefited by his earning power. Where the statute is of this type, the fact that a beneficiary is himself guilty of negligence which contributed to the death of the decedent does not prevent recovery unless he is the sole beneficiary. It does, however, affect the amount recoverable. If one of the beneficiaries is guilty of contributory negligence he is not allowed to benefit by the statute. The amount which he would have received had he not been negligent is deducted from the amount recoverable by the survivors as a group; the rest being distributed among the survivors as though the negligent beneficiary did not exist.

"There is another type of death statute under which the amount recoverable is fixed, not by the benefit which the survivors would have derived from the continued life of the decedent, but by the gravity of the defendant's fault. Under such a statute, the contributory negligence of one of the beneficiaries neither prevents the maintenance of the action nor affects the amount recoverable. Its effect is to eliminate the

negligent beneficiary from the group among which the amount recovered is to be divided; such amount being divided among the innocent beneficiaries as though the negligent beneficiary did not exist.

"There is a third type of death statute in which the amount recovered is treated as if it were an asset of the decedent and is distributed under special statutory provisions pertaining to that fund only. Under this type of statute, the negligence of a beneficiary has no effect in determining either the amount recoverable or the persons among whom the proceeds of the judgment are to be divided."

The first two examples under the restatement rule are grounded upon the principle that one should not be permitted to benefit by his own wrong. Application of that principle has led the great majority of courts to hold that the contributory negligence of a beneficiary bars the right of recovery under a wrongful death statute at least as to the beneficiary whose negligence proximately contributed to the death. 23 A.L.R. 670; 69 A.L.R. 478; 2 A.L.R.2d 785, 786.

We then turn to our own statute and examine its purpose. Sec. 22–20–3, N.M. S.A.1953, provides that the jury may award such damages:

"* * * compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment * * * and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

It appears to be the general rule, as argued by plaintiff, that a beneficiary under the usual survival statute is not barred from participating in a recovery for wrongful death because of the contributory negligence of such beneficiary. Those decisions, however, are based upon a statute providing for the usual and normal type of survival action, where it must be brought by the personal representative who stands in the place of the injured person; represents the estate; and, the beneficiaries take as distributees of the estate, not in their capacity as statutory beneficiaries. The reasoning upon which these decisions permit a negligent beneficiary to share in the recovery is stated thus in the annotator's language, 2 A.L.R.2d at page 811:

"* * * Under this type of statute the cause of action prosecuted by the personal representative is not a new cause of action but a continuation of the cause of action which existed in the injured person during his lifetime, *and the recovery goes to · the distributees'*

*of the estate not as statutory benefici-*
*aries but as distributees under the stat-*
*ute of descent and distribution the same*
*as any other asset of the estate* and sub-
ject to the payment of debts and ad-
ministration expenses." (Emphasis
ours.)

These decisions, taking the view that the
contributory negligence of a beneficiary
does not bar recovery, are based on the
reasoning that the action is a survival stat-
ute and upon death of the injured person
the action becomes the property of his per-
sonal representative and of his estate, and
the beneficiaries take as distributees of the
estate, not as statutory beneficiaries. Those
decisions, of course, are based upon the
legal theory that the personal representa-
tive stands in the place of the injured per-
son and that no defense is available against
him that would not have been available
against the injured person had death not
ensued, and that the beneficiaries take as
distributees of the estate not as statutory
beneficiaries.

The rule appears, on the contrary, to be
equally general that the mere fact that the
action is brought by or in the name of a
personal representative, where it is actually
for the benefit of the statutory beneficiaries,
not the estate, does not prevent contributory
negligence of a beneficiary from barring
recovery. The following appears in 2
A.L.R.2d at pages 791–792:

"Most of the modern cases, however,
have expressly or impliedly repudiated
any distinction based upon the fact the
suit was by the parent or other bene-
ficiary in his capacity as administrator
of the estate of the person killed, or by
a third person as the administrator of
the estate, and have taken the view that
irrespective of whose name the action
is brought in (whether directly in the
name of the beneficiary or beneficiaries
and for his or their benefit, or in the
name of the personal representative)
the action is for the benefit, not of the
estate, but of the statutory benefici-
aries (unless this theory is expressly
refuted by the terms of the statute);
and that consequently the contributory
negligence of the sole beneficiary or
beneficiaries is a good defense to any
recovery, or that the contributory negli-
gence of one of several beneficiaries
defeats the right of recovery to the ex-
tent of his share in the right of recov-
ery. * * *"

The Arizona Court in Town of Flagstaff
v. Gomez, 23 Ariz. 184, 202 P. 401, 23 A.L.
R. 661 said that the negligence of a third
person should not be permitted to defeat
an action for the benefit of the child, nor
one in behalf of his estate. But the court
said the reason for the rule fails where
the action "though nominally for the benefit
of the estate is in reality in the interests of

-the beneficiary." The reasoning was explained thus:

"* * * If such beneficiary were suing for an injury to himself, he could not recover if he contributed to it, and there is no reason why the same rule should not prevail when the action is based upon an injury to another to which he contributed and he alone will reap whatever harvest is gathered from a termination of the suit in favor of the estate. * * *"

See, also, cases listed 2 A.L.R.2d 789, 790 and 792 et seq.; Missouri, K. & T. Ry. v. Perino, 89 Okl. 136, 214 P. 907.

The right to recover damages for the wrongful death of a person is entirely statutory. We then turn to the construction placed on our statute to determine the rights of the beneficiaries thereunder. While the wrongful death act was said in Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540; State ex rel. De Moss v. District Court, 55 N.M. 135, 227 P.2d 937, 938; Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274; and Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149 to be a survival statute, it has actually been held to be one in survival only in the sense that the cause of action accrues at the date of the injury and does not create a new cause of action upon the death of the injured person. The problem here present, where the recovery is not for the benefit of the estate, although brought by the personal representative, but is for the benefit of certain named beneficiaries, injects a consideration not present in the usual survival statute.

While the 1961 amendment does not affect our decision in this case, having been adopted subsequent to the happening of the accident, we note that the legislature, by Ch. 202, New Mexico Session Laws, 1961, amended the statute to provide that the cause of action for a wrongful death accrues at the time of death, thereby suggesting the possibility that the legislature considered the statute as not being one of survival. It is not necessary for us here to determine the effect of the amendment.

The action is required to be brought in the name of the personal representative of the deceased, but the status of such personal representative was discussed at some length in Henkel v. Hood, 49 N.M. 45, 156 P.2d 790, where it was said the character of a personal representative under our wrongful death statute is entirely foreign to and unconnected with that of an estate administrator. It was there said:

"The suit, under this act, clearly, has no relation to the estate. It is incidental that a 'personal representative' (usually defined to be an executor or administrator, in one of the classes) is named to bring suit. It is not because this would fall within his duties as such, but because someone must be

named and our Legislature has fixed upon such a person as the one to sue." ·

That our statute differs from those true survival statutes where contributory negligence of a distributee is said not to prevent recovery for a wrongful death is clearly shown in Wilson v. Pollard, 190 Ga. 74, 8 S.E.2d 380, 382, quoted with approval in Henkel v. Hood, supra, as follows:

"The sole purpose of the legislature in using the words 'administrator or executor' is to designate an agency for the prosecution of the suit thereby provided for. Manifestly there is no intention to involve the estate represented by such administrator or executor in the suit provided for in this section. *Any recovery in such a suit is the property of the relative for whose benefit the suit is brought, and it at no time constitutes a part of the estate of the decedent.* * * *" (Emphasis ours.)

The following from 16 Am.Jur. 186, § 266, was quoted with approval in Henkel as a correct statement of the definition and application of the personal representative provided for by our wrongful death statute:

" 'Sec. 266. Capacity in Which Personal Representative Brings Action. —In actions in the name of a personal representative under statutes requiring him to bring the action for the benefit of certain persons, *he is a mere nominal party,* having no interest in the case for himself or the estate he represents. *He does not act in his capacity as executor or administrator,* or representative of the decedent's estate, *but sues as a trustee on behalf of the particular persons designated in the act,* * * *' (Emphasis ours.)"

It was further said that under our act:

"Thus, the personal representative who makes a recovery under the Act, * * * serves as a trustee, a 'statutory trustee', for discoverable and identifiable beneficiaries in the line of named kinship or descent. * * *"

In Trefzer v. Stiles, 56 N.M. 296, 243 P. 2d 605, it was said:

"In New Mexico the amount recovered under the wrongful death statute, * * * under which this action was brought, never becomes a part of the assets of the community or of the decedent's estate."

The distinction between the action in New Mexico by a personal representative who sues and acts as trustee on behalf of particular statutory beneficiaries, and who has no interest in the cause of action or recovery as the representative of the decedent or his estate, and where the statutory beneficiaries under the facts here have "an equal interest in the *judgment,*" and the ordinary survival action where the action is by the personal representative in his capacity as such and representing the decedent

and his estate, and where the statutory beneficiaries have no interest in a recovery or judgment as such, but only take as distributees of the estate is manifest.

Kuehn v. Jenkins, 251 Iowa 718, 100 N.W. 2d 610 and the other cases relied upon by plaintiff are clearly distinguishable because they are based upon statutes where the cause of action is the property of the administrator or executor as such, for the benefit of the estate, and under which the beneficiaries take only as distributees of the estate.

■ Under the construction we place on our statute where the personal representative brings the action for the benefit of the statutory beneficiaries, not of the estate, and the statutory beneficiaries are entitled to the recovery, not as distributees of the estate, the contributory negligence of one of several beneficiaries defeats the right of recovery to the extent of his share in the judgment. 2 A.L.R.2d 792 et seq., and cases there collected.

The challenged instruction charged the jury that even though they found the defendant negligent they must nevertheless return a verdict for defendant if they determined that Urcy Baca, mother of the child, was contributorily negligent. The effect of the instruction was to charge the jury that the contributory negligence of the child's mother, if any, would be imputed as a matter of law to her husband and prevent any recovery by him. The question is presented whether a non-negligent husband is barred from recovery (1) by imputing to him his wife's contributory negligence, or (2) our community property statutes require application of the doctrine of imputed negligence of one spouse to the other.

■ The principle applicable to the imputation of the negligence of one spouse to the other for injury of a minor child was discussed in MacDonald v. O'Reilly, 45 Or. 589, 78 P. 753, 754, where it was said:

"* * * But the contributory negligence which will bar a recovery must be that of the person from whom the cause of action is derived, or the beneficiary, or someone standing in such a relation to the beneficiary that the maxim, 'Qui facit per alium facit per se' may be invoked. * * * A wife does not, from the mere marital relation, however, occupy such a position in the care and custody of a minor child. * * * A mother is not the agent of the father in the care of the children, any more than the father is the agent of the mother. They are both equal before the law. The common interest or common duty of the parents toward the children will not of itself make one the agent of the other, or responsible for that other's negligence. Such seems to be the result of the decided cases in states where the doc-

trine of imputed negligence is not recognized."

See, also, Atlanta & C. Air-Line Ry. v. Gravitt, 93 Ga. 369, 20 S.E. 550, 556, 26 L.R.A. 553, 44 Am.St.Rep. 145; Louisville, N. A. & C. Ry. v. Creek, 130 Ind. 139, 29 N.E. 481, 482, 14 L.R.A. 733; Phillips v. Denver City Tramway Co., 53 Colo. 458, 128 P. 460, Ann.Cas.1914B, 29; Herrell v. St. Louis-San Francisco Ry. Co., 324 Mo. 38, 23 S.W.2d 102, 69 A.L.R. 470. The marital relation alone is not sufficient and no evidence has been pointed out to us disclosing that the husband and wife, in this case, stood in such relation that the maxim qui facit per alium facit per se is applicable. Los Angeles & S. L. R. R. v. Umbaugh, 61 Nev. 214, 123 P.2d 224.

Defendants contend that any distribution to either spouse, resulting from a recovery under the statute, would be the community property of the husband and wife, and it is argued that if one member of the community is negligent, the rule of imputable negligence should be applied.

This court said in Soto v. Vandeventer, 56 N.M. 483, 245 P.2d 826, 35 A.L.R.2d 1190 that the New Mexico community property statutes are almost identical with those of Nevada. In that case we followed the Nevada court in Fredrickson & Watson Const. Co. v. Boyd, 60 Nev. 117, 102 P.2d 627 in its construction that a wife's cause of action for personal injuries to herself is not an asset of the community, and declined to follow the other community property states all holding to the contrary. Nevada has determined in Los Angeles & S. L. R. R. v. Umbaugh, supra, that the proceeds from a recovery for the wrongful death of a child by one spouse do not come within the meaning of the word "acquired" as used in the statute defining community property as construed by Fredrickson & Watson Const. Co. v. Boyd, supra, and that the contributory negligence of one spouse, if any, is not to be imputed to the other so as to bar a recovery by the spouse who was not negligent.

The applicable portion of § 22–20–3, N.M. S.A.1953, providing for distribution of the proceeds of any recovery reads:

"* * * if such deceased be a minor, childless and unmarried, then to the father and mother, who shall have an equal interest in the judgment, or if either of them be dead, then to the survivor; * * *."

■ We are of the opinion that the right of action given the husband or wife to have an action brought for the wrongful death of a child is not a community right, and that the proceeds from any recovery are not community property, as it was defined by this court in Soto v. Vandeventer, supra.

It follows that the instruction complained of was erroneous and that the contributory

negligence of one spouse, if any, is not to be imputed to the other spouse.

The trial court instructed on unavoidable accident. No complaint is made of the form of the instructions, but plaintiff asserts that it was error to give an instruction at all on unavoidable accident. As we view it, the situation in the instant case is similar to that in Lucero v. Torres, 67 N.M. 10, 350 P.2d 1028, in which we said:

"We believe that in a case where the issues of negligence, contributory negligence and unavoidable accident are present, and the evidence being in conflict as to the issue of negligence and contributory negligence, the jury may conceivably find, with evidentiary support, that neither the appellant nor the appellee were negligent. There being questions present for the jury to decide as to whether appellee or appellant were negligent, or whether both or neither were negligent, we believe that in such a case, an unavoidable accident instruction is appropriate."

■ All of the questions present in Lucero are present here. In addition, exhibits in evidence show weeds or shrubs at or near the curb near the place where the child approached the curb which may have obstructed defendant's view if she had been looking at that spot. Plaintiff says the fatal accident occurred about six feet in the street from the curb. There is evidence

that the child was running. Whether the defendant could, with reasonable care, have avoided the accident if she had seen the child immediately after he passed the weeds or shrubs at the curb is a question on which reasonable minds might differ and was one for the jury. We cannot agree with plaintiff.

■ Finally, plaintiff complains and charges error in the giving of instructions Nos. 7 and 16 as presenting a false issue. Instruction No. 7, complained of, charged the jury that the claim of contributory negligence placed on defendant the burden of proving such negligence by a preponderance of the evidence. We do not agree that it presented a false issue. We think the instruction might have been more clearly worded, but no objection is made to the wording of the instruction. We find no error in instruction No. 16.

We have examined the decisions cited and relied upon by plaintiff and find them either distinguishable upon their facts or not controlling under the facts of the instant case.

Other questions argued have either been determined by what we have said, are unnecessary to decide, or found to be without merit.

The judgment will be reversed and the cause remanded with instructions to vacate the judgment and verdict upon which it is

based and to grant a new trial and proceed in a manner not inconsistent with what has been said.

It Is So Ordered.

CARMODY and MOISE, JJ., concur.