467 P.2d 14

Sister Mary Assunta STANG, Personal Representative for Catherine Lavan, Deceased, Plaintiff-Appellant-Respondent,

v.

HERTZ CORPORATION, a corporation, and Firestone Tire & Rubber Company, a corporation, Defendants-Appellees-Petitioners.

No. 8979.

Supreme Court of New Mexico.

March 23, 1970.

Smith, Ransom & Deaton, Richard E. Ransom, William G. Gilstrap, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Robert G. McCorkle, Modrall, Seymour, Sperling, Roehl & Harris, Allen C. Dewey, Peter J. Broullire, III, Albuquerque, for appellees.

## OPINION

TACKETT, Justice.

Petitioners seek a review of a decision of the Court of Appeals, which reversed the trial court in a case arising under our Wrongful Death Act, § 22–20–1 through 22–20–3, N.M.S.A., 1953 Comp. The facts are adequately set forth in the opinion of the Court of Appeals in Stang v. Hertz, Corp., 81 N.M. 69, 463 P.2d 45 (Ct.App. 1969), and will not be detailed herein, except to state that decedent was a nun, a member of the Sisters of Charity, and had taken the simple but perpetual vow of poverty upon entering the Order. She died some fifteen days after receiving injuries in an automobile accident.

The questions for decision before this court are: (1) If there is no pecuniary injury to the statutory beneficiaries, may there be recovery for the wrongful death? (2) May the personal representative recover for pain and suffering, and medical and related care, from the injury until death?

Sections 22–20–1 and 22–20–3, supra, of the Wrongful Death Act provide:

(§ 22–20–1)

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover *damages* in respect thereof, then, and *in every such case,* the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured. (Emphasis added.)

(§ 22–20–3)

"Every such action as mentioned in section 1821 [22–20–1] shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. The proceeds of any judgment obtained in any such action shall not be liable for any debt of the deceased: Provided, he or she shall have left a husband, wife, child, father, mother, brother, sister, or child or children of the deceased child, but shall be distributed as follows:

"First. If there be a surviving husband or wife, and no child, then to such

husband or wife; if there be a surviving husband or wife and a child or children or grandchildren, then equally to each, the grandchild or grandchildren taking by right of representation; if there be no husband or wife, but a child or children, or grandchild or grandchildren, then to such child or children and grandchild or grandchildren by right of representation; if such deceased be a minor, childless and unmarried, then to the father and mother, who shall have an equal interest in the judgment, or if either of them be dead, then to the survivor; if there be no father, mother, husband, wife, child, or grandchild, then to a surviving brother or sister, or brothers or sisters, if there be any; *if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."* (Emphasis added.)

It is to be noted that § 22–20–2, N.M.S.A., 1953 Comp., 1969 Pocket Supp., is a statute of limitation, which sets forth the time limit for instituting actions under the Wrongful Death Act, and also provides that the cause of action accrues as of the date of death.

The term "personal representative" is used simply to designate the agency, the trustee, or the person who may prosecute this particular character of statutory action. Henkel v. Hood, 49 N.M. 45, 156 P.2d 790 (1945). If there be none of the kindred named in the statute, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons. Section 22–20–3, supra. This statute certainly contemplates that a wrongful death action shall not fail merely because there is absent pecuniary injury to a statutory beneficiary. Henkel v. Hood, supra; Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540 (1936).

We find in Henkel v. Hood, supra, 49 N.M. at 51, 156 P.2d at 794 the following:

"Thus, the personal representative who makes a recovery under the Act, * * * serves as a trustee, a 'statutory trustee,' for discoverable and identifiable beneficiaries in the line of named kinship or descent. Nevertheless, by express mandate of the Act, he is none the less a trustee for the state and for estate creditors where none of the named kin were left, or the line of descent runs out and exhausts itself in the fruitless search for an heir. This is rendered clear by the italicized language of the statute quoted, supra."

Defendant Firestone contends that damages for wrongful death are not recoverable if there is no pecuniary injury to at least one statutory beneficiary. Defendant Hertz contends that, in the absence of pecuniary injury to a statutory beneficiary, there can be no recovery of substantial damages. Thus, Hertz at least recognizes the right to sue for wrongful death, but would limit recovery to only nominal damages. Even though authority may be found in support thereof, we do not agree with those contentions, as § 22–20–3, supra, clearly permits recovery by other than a statutory beneficiary, and recovery may be had even though there is no pecuniary injury to a statutory beneficiary. Damages are recoverable by proof of the worth of the life of the decedent, even though there is no kin to receive the award. Cerrillos Coal Railroad Company v. Deserant, 9 N.M. 49, 49 P. 807 (1897).

Justice Hudspeth, in a well-reasoned opinion in Hogsett v. Hanna, supra, discussed in detail the statute under consideration here and arrived at the conclusion that a right of action under the Wrongful Death Act is not dependent or conditioned upon the survival of any kindred. The statute, § 22–20–1, supra, allows a cause of action against the culpable party "in every such case." With this we agree.

The statutes allowing damages for wrongful act or neglect causing death have for their purpose more than compensation. It is intended by them, also, to promote

safety of life and limb by making negligence that causes death costly to the wrongdoer. Hogsett v. Hanna, supra; Trujillo v. Prince, 42 N.M. 337, 78 P.2d 145 (1938); Tauch v. Ferguson-Steere Motor Co., 62 N.M. 429, 312 P.2d 83 (1957). See also, Whitmer v. El Paso & S. W. Co., 201 F. 193 (5th Cir. 1912); McKirdy v. Cascio, 142 Conn. 80, 111 A.2d 555 (1955).

The cases of Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966 2d appeal), and Varney v. Taylor, 79 N.M. 652, 448 P.2d 164 (1968 3d appeal); Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382 (1940); and Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P.2d 257 (1938), indicate that the measure of damages for wrongful death is the worth of life of decedent to the estate.

The reasoning of Justice Watson in the withdrawn opinion in Valdez v. Azar Bros., 33 N.M. 230, 264 P. 962 (1928), quoted in Hogsett v. Hanna, supra, seems the more reasonable construction of our statute to the effect that substantial damages are recoverable without proof of pecuniary loss.

We are to consider the language of the Act as a whole. State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967); Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967 (1969). We have not only considered the reference to pecuniary injury, but have also considered the reference in § 22–20–1, supra, to liability "in every such case."

The statute must be considered so that no word and no part thereof is rendered surplusage or superfluous. State v. Thomson, 79 N.M. 748, 449 P.2d 656 (1969); Martinez v. Research Park Inc., 75 N.M. 762, 410 P.2d 200 (1965); State ex rel. Clinton Realty Co. v. Scarborough, supra. To hold that pecuniary injury " * * * to the surviving party or parties entitled to the judgment * * * " is a prerequisite to a recovery of damages for wrongful death would make superfluous the provision of the statute allowing recovery where there is no surviving kin. Section 22–20–3, supra.

We next turn to the question of allowing recovery for decedent's pain and suffering and medical and related care from injury until death. We here hold that a recovery may be had by the "personal representative," even though there is no statutory beneficiary. If we were to hold that recovery may be had in one aspect and not in the other, it would be most illogical. The defendant is liable "in every such case." The liability is for "damages." Section 22–20–1, supra. The statutory language, while it does not say so specifically, nevertheless authorizes recovery for pain and suffering, and for medical and related care, between the time of injury and death, the same as could have been recovered by an injured party where death does not ensue. Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149 (1961). Compare, Jones v. Pollock, 72 N.M. 315, 383 P.2d 271 (1963). See also, In Re Consolidation Coal Company, 296 F.Supp. 837 (W.D.Pa.1968); McCoy v. Raucci, 156 Conn. 115, 239 A.2d 689 (1968); Chase v. Fitzgerald, 132 Conn. 461, 45 A.2d 789 (1946); Farrell v. L. G. De Felice & Son, 132 Conn. 81, 42 A.2d 697 (1945); Mitchell v. Akers, 401 S.W.2d 907 (Tex.Civ.App.1966). It has been held that such right of action is dependent upon the right of the person injured, had he not died as a consequence of his injury, to maintain an action for personal injuries. Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274 (1952); Saunders v. Hill, 202 A.2d 807 (Del.1964).

The statutes state the actions are to be brought by the "personal representative." In Kilkenny v. Kenney, supra, a case under our Wrongful Death Act, we held:

" * * * [T]he provision of § 22–20–3, supra, * * * when considered with the language contained in § 22–20–1, supra, warrants the allowance to the administrator of the decedent's damages prior to death, provided they are not the same as those for which the husband, individually, has a right of recovery."

Even though "personal representative" is not mentioned in the Kilkenny opinion, we hold, for the purposes of the case before

us, that "administrator" and "personal representative" are one and the same. Stang, as "personal representative," was also ancillary administratrix with the will annexed. Therefore, plaintiff can recover for decedent's damages prior to death. See Barnes v. Smith, 305 F.2d 226 (10th Cir. 1962).

Prior to 1961, our Wrongful Death Act was considered a survival statute. Hogsett v. Hanna, supra; Natseway v. Jojola, supra; Kilkenny v. Kenney, supra. Defendants strenuously argue that the 1961 amendment to § 22–20–2, supra, altered the Act as a survival Act. That section reads:

"Every action instituted by virtue of the provisions of this and the preceding section [22–20–1] must be brought within three [3] years after the cause of action accrues. The cause of action accrues as of the date of death."

The 1961 amendment added the second sentence.

In our view, while the 1961 amendment created an ambiguity, it did not alter the Act as a survival Act. The Court of Appeals resolved the ambiguity correctly.

The cause of action under our Wrongful Death Act is in the "personal representative." Baca v. Baca, 71 N.M. 468, 379 P.2d 765 (1963). Prior to the 1961 amendment, the decisions held that the limitation period began running as to the "personal representative's" cause of action at the date of the injury. The result was not logical, since a "personal representative" has no cause of action until the injured person dies. The 1961 amendment simply provides that the limitation period begins running, as to the "personal representative's" cause of action, upon the death of the injured person. Thus, a more logical time is set for the commencement of the limitation period, since it is not until the injured person's death that our statute authorizes the "personal representative" to proceed.

Defendants seek comfort in U.J.I. 14.17 in presenting their contentions. That instruction affords little comfort. Item numbered "1" in U.J.I. 14.17 was included through error. We dislike admitting our mistake, but this instruction should not have been given our approval in the light of Kilkenny v. Kenney, supra. Because of our holding in this case, we now specifically disavow the statement in Cerrillos Coal Railroad Company v. Deserant, supra, to the effect that nothing is to be included for "suffering or anguish of mind or body by the deceased."

The majority opinion of the Court of Appeals reviews in detail our earlier decisions, and, in our view, has undertaken to explain what appears to be inconsistencies existing between them. We adopt the explanations as set forth in their opinion, and commend the majority for an outstanding effort. Many uncertainties heretofore existing should be laid to rest. The decision of the Court of Appeals is affirmed and the cause remanded to it to proceed in accordance therewith.

It is so ordered.

MOISE, C. J., and COMPTON, J., concur.

WATSON, Justice (concurring in part, dissenting in part).

While I agree with the majority that substantial damages for the death may be recovered under the statute even though no pecuniary damages result to the beneficiary, I cannot agree that recovery can be had for pain and suffering and medical and hospital expenses for the following reasons:

(1) The Act does not authorize such damages. Section 22–20–3, N.M.S.A., 1953 Comp., only provides for consideration of pecuniary injuries resulting from the death to the surviving parties and mitigating or aggravating circumstances attending the wrongful act.

(2) Cerrillos Coal Railroad Co. v. Deserant, 9 N.M. 49, 49 P. 807 (1897), the only New Mexico case in point, excludes damages for pain and suffering. I would not disavow it.

(3) Our Wrongful Death Act, particularly with the 1961 amendment stating that the cause of action accrues on the date of death, is now clearly a death act rather than a survival act. Compare, Chase v. Fitzgerald, 132 Conn. 461, 45 A.2d 789 (1946); Kling v. Torello, 87 Conn. 301, 87 A. 987 (1913); Connecticut Public Acts, 1903, Ch. 193, §§ 1 and 2; Mitchell v. Akers, 401 S.W.2d 907 (Tex.Civ.App.1966); Texas Stat., Art. 5525, V.A.C.S. (survival), and Art. 4671, V.A.C.S. (death); Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920 (1933), where the Missouri statute similar to ours is compared with Lord Campbell's Act, St. 9 to 10, Vict., the first death act. See Baca v. Baca, 71 N.M. 468, 379 P.2d 765 (1963); State ex rel. DeMoss v. District Court of Sixth Judicial Dist., 55 N.M. 135, 227 P.2d 937 (1951).

(4) Reason directs that the legislature would not permit unaccountable recovery by the personal representative for medical and hospital expenses which the executor or administrator must pay.