Mrs. Annie Laurie REWIS, as Temporary Administratrix of the Estate of JoAnn Rewis, Deceased, et al., Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–3216.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1976.

Rehearing Denied Sept. 1, 1976.

teen month old child, JoAnn Rewis, and the case was remanded for a determination of damages. On June 19, 1975, a bench trial, was held on this issue, and the district court awarded damages in the sum of $74,573.50. On appeal plaintiffs argue that the court erroneously interpreted and applied the law of New Mexico, incorrectly computed the damages, and awarded damages which were grossly inadequate. We find all these contentions to be without merit and affirm.[3]

## I

The district court found that the decedent was fifteen months old, of average intelligence, and in good health before ingesting a fatal dose of aspirin on September 3, 1963. She died after suffering approximately twenty hours of severe pain. If she had not ingested the fatal dose, she could reasonably have expected to live 69 more years. It was determined that until her eighteenth birthday she would have rendered services to her parents of the following value:

Joseph B. Bergen, Savannah, Ga., for plaintiffs-appellants.

R. Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for defendant-appellee.

| AGE | AMOUNT |
|---|---|
| 1 through 6 years | – 0 – |
| 7 years (1970) | $ 250 |
| 8 years (1971) | $ 250 |
| 9 years (1972) | $ 250 |
| 10 years (1973) | $ 500 |
| 11 years (1974) | $ 750 |
| 12 years (1975) | $1,000 |
| 13 years (1976) | $1,250 |
| 14 years (1977) | $1,500 |
| 15 years (1978) | $1,500 |
| 16 years (1979) | $1,500 |
| 17 years (1980) | $1,500 |

Total: $10,250.

Before GODBOLD, McCREE * and TJOFLAT, Circuit Judges.

TJOFLAT, Circuit Judge:

This Federal Tort Claims Act[1] suit is here on appeal for the fourth time.[2] Our last decision established the government's liability for the death of the plaintiffs' fif-

The court also found that after finishing high school she would have entered the work force in the year 1980 and worked for fifty years. To calculate the net present value of decedent's lost earning capacity

---

* Of the Sixth Circuit, sitting by designation.

1. Title 28, United States Code, Sections 1346(b), 2671–2680.

2. The previous decisions are reported at 369 F.2d 595 (5th Cir. 1966), 304 F.Supp. 410 (S.D. Ga.1969), 445 F.2d 1303 (5th Cir. 1971), and 503 F.2d 1202 (5th Cir. 1974).

3. The government did not take a cross-appeal, and thus we have no occasion to address the question of whether the damages awarded the plaintiffs were excessive or represented items that are not recoverable under New Mexico law.

after subtracting living expenses and taxes, the trial court found that decedent would have earned one hundred dollars per week, fifty-two weeks a year, commencing in 1980, and that this sum would have increased at the rate of five percent per annum due to inflation and productivity increases. Decedent's living expenses would have been two hundred dollars per month in 1980 and also would have increased at the rate of five percent per annum. The court took judicial notice of the New Mexico and federal income tax rates and assumed that social security taxes for each year of decedent's work-life would have been calculated at 5.85%. To determine the present value of decedent's lost net earning capacity, the court considered it reasonable to employ a discount factor of five percent per annum. Using these findings it assessed the present value of decedent's lost net earning capacity at $54,136.

Finally, the court found that $10,000 was reasonable compensation for the child's suffering and that funeral and burial expenses were $1,250. The value of decedent's services to her parents up to her eighteenth birthday was discounted at five percent per annum and thus the present value of those services was assessed at $9,187.50. Consequently, judgment was entered for $74,573.50.

## II

■ It is undisputed that the substantive law of damages in New Mexico (where the injury occurred) is applicable to this case. *See* Title 28, United States Code, Section 2674 (1965); *Orr v. United States,* 486 F.2d 270 (5th Cir. 1973). The New Mexico Wrongful Death Act, N.M.Stat.Ann., Section 22-20-3 (1953), provides that in a case such as this the jury "may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act . . . ."

This statute has been held to mean that whenever a wrongful death is proved "[d]amages are recoverable by proof of the worth of the life of the decedent," *Stang v. Hertz Corp.,* 81 N.M. 348, 350, 467 P.2d 14, 16 (1970) (hereinafter *"Stang II"*), and that the "measure of damages for wrongful death is the worth of life of decedent to the estate," *id.* at 351, 467 P.2d at 17. Moreover, "substantial damages are recoverable without proof of pecuniary loss," *id.,* for "proof of a wrongful death of necessity implies recoverable damages." *Baca v. Baca,* 81 N.M. 734, 741, 472 P.2d 997, 1004 (App.Ct.1970). Pecuniary injury to statutory beneficiaries, rather than being a prerequisite to recovery, is proved merely "so that the fact finder may consider this injury in awarding damages." *Stang v. Hertz Corp.,* 81 N.M. 69, 72, 463 P.2d 45, 48 (App.Ct.1970) (hereinafter *"Stang I"*). "In the absence of pecuniary injury, the jury may still award such damages, compensatory and exemplary, as they shall deem fair and just . . . ." *Baca,* 81 N.M. at 741, 472 P.2d at 1004.

In determining the worth of the life of the decedent to the estate, the New Mexico Supreme Court has said that "the age, occupation, earning capacity, rate of wages, health, habits and probable duration of the life are proper elements of inquiry." *Hall v. Stiles,* 57 N.M. 281, 285, 258 P.2d 386, 389 (1953). The Court has also held that damages should not be measured on the basis of accumulated savings or gross earnings but should be based on total net earnings discounted to reflect the earning power of money. *Varney v. Taylor,* 77 N.M. 28, 419 P.2d 234 (1966) (hereinafter *"Varney II"*). When calculating net earnings, "personal living expenses" and taxes should be deducted from projected gross earnings but "recreational expenses" should not be included in "living expenses." *Varney v. Taylor,* 79 N.M. 652, 448 P.2d 164 (1968) (hereinafter *"Varney III"*). There is no precise formula for calculating total net earnings, though, and net earnings is "no more than [an] evidentiary [item] admissible in establishing the present worth of

life." *Lujan v. Gonzales,* 84 N.M. 229, 241, 501 P.2d 673, 685 (App.Ct.1972); *Wilson v. Wylie,* 86 N.M. 9, 14, 518 P.2d 1213, 1218 (App.Ct.1973).

■ Finally, the statute has been held to authorize "recovery for pain and suffering, and for medical and related care, between the time of injury and death." *Stang v. Hertz Corp.,* 81 N.M. 348, 351, 467 P.2d 14, 17 (1970); *also, Kilkenny v. Kenney,* 68 N.M. 266, 361 P.2d 149 (1961). Loss of society, on the other hand, is not an element of damages. *Wilson v. Wylie,* 86 N.M. 9, 518 P.2d 1213 (App.Ct.1973).

### III

■ Turning to appellants' contentions we can find no error in the lower court's interpretation and application of New Mexico law. The court followed the net income approach set forth in *Stang II* and *Varney III,* and, in addition, allowed compensation for the loss of the child's services during the period of her minority.[4] The court also awarded damages for the child's pain and suffering as permitted by *Stang II,* and allowed damages for the funeral expenses.[5] The court did not allow damages for loss of society, but this item is not recoverable under New Mexico law. *Wilson v. Wylie, supra.*

As for the matter of the computations, we first note that the factors used by the court and set forth in its findings of fact are supported by the record, not clearly erroneous, and comparable to the figures selected in other New Mexico cases. In *Wilson v. Wylie,* for example, 3.25% was the figure for the productivity increase factor and 1.75% was the figure for the inflation rate. Here, by contrast, the court selected 5% for the combined productivity-inflation factor. Second, the appellants challenge the court's mathematical calculations and offer what they claim are the correct computations. In reviewing these computa-

tions, however, it is clear that they are based on the erroneous assumption that the trial court found that social security taxes and state and federal income taxes would amount to approximately 5.85% of decedent's income. This is not what the court found, though. The 5.85% figure only referred to the social security tax, and the court indicated that the impact of federal and state income taxes was an *additional* factor that had to be considered. Thus there is no mathematical error demonstrable in the court's computations, and its assessment of damages was certainly not clearly erroneous.

■ Finally, appellant argues that the damages awarded were grossly inadequate. Assuming *arguendo* that this is a matter open to review by an appellate court, it is sufficient to note that in *Wilson v. Wylie, supra,* the decedent was a seven year old child and damages were assessed at $57,000. Here damages of $74,573.50 were awarded and the decedent was a fifteen-month old child. Thus rather than being "grossly inadequate," the award in this case is comparable to verdicts which New Mexico courts have found to be adequate. *See, e. g., Baca v. Baca, supra; Mares v. New Mexico Public Services Co.,* 42 N.M. 473, 82 P.2d 257 (1938). *Also, Barnes v. Smith,* 305 F.2d 226 (10th Cir. 1962).

AFFIRMED.

---

**4.** We express no view as to whether New Mexico law permits recovery for the value of the loss of a minor's services to her parents. *See supra* n. 3.

**5.** We express no view as to whether New Mexico law permits recovery for the funeral expenses of the decedent. *See supra* n. 3.