[Civ. No. 17418. First Dist., Div. Two. May 20, 1957.]

STATE OF CALIFORNIA, SUBSEQUENT INJURIES FUND, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, MARGOT N. MONTEVERDE et al., Respondents.

Edmund G. Brown, Attorney General and Gerald F. Carreras, Deputy Attorney General, for Petitioner.

Everett A. Corten and Daniel C. Murphy for Respondents.

DOOLING, J.—The Industrial Accident Commission found that the decedent Monteverde, an employee of the State of California, had suffered an industrial injury which added to a preexisting disability, amounted to a total disability in excess of 70 per cent. It made an award to decedent's minor child, as his sole dependent, against the employer, State of California, for the proportion of such disability accruing before his death, attributable to the injury incurred in the decedent's employment, and an award for the balance of the total disability against the Subsequent Injuries Fund. It is the latter award which is attacked in this proceeding.

The award was made in reliance upon Labor Code, section 4700, which reads:

"The death of an injured employee does not affect the liability of the employer under Articles 2 and 3 of this chapter so far as such liability has accrued and become payable at the date of death. Any accrued and unpaid compensation shall

be paid to the dependents, or, if there are no dependents, to the personal representative of the deceased employee or heirs or other persons entitled thereto, without administration, but such death terminates the disability.''

We may summarily dispose of petitioner's argument that the ''liability had not accrued and become payable'' at the time of decedent's death, within the meaning of this statute, because no award had been made fixing the amount of decedent's disability prior to decedent's death. This question was decided in the construction of section 9(b) (3) of the then existing Workmen's Compensation Act (Stats. 1925, p. 643) in *Fogarty* v. *Department of Industrial Relations,* 206 Cal. 102 [273 P. 791]. That provision gave the identical right to dependents of a deceased employee and used the identical language, ''so far as such liability has accrued and become payable at the date of the death.'' In Fogarty the Supreme Court affirmed an award against the employer to a deceased employee's dependents for disability payments to which the employee would have been entitled up to the time of his death, although no award had been made therefor prior to such death. The subsequent enactment of section 4700 in identical language indicates a legislative acquiescence in this judicial construction. (*Holmes* v. *McColgan,* 17 Cal.2d 426, 430 [110 P.2d 428] ; *Summers* v. *Freeman,* 128 Cal.App.2d 828, 832 [276 P.2d 131].)

The more serious question is raised by petitioner's argument that section 4700 has no application to awards against the Subsequent Injuries Fund, but is limited by its terms to awards against employers. Section 4700 is found in article 4 of division 4, part 2 of the Labor Code. It is limited by its terms to ''the liability *of the employer under Articles 2 and 3* of this chapter.'' Labor Code, section 4751, which imposes the liability upon the Subsequent Injuries Fund, is found in the succeeding article 5 of that Code and is limited by its terms to an award to the ''employee.'' The Labor Code must be liberally construed to effect its beneficent purposes, and this rule extends to the construction of the provisions relating to the Subsequent Injuries Fund. (*Subsequent Injuries Fund* v. *Industrial Acc. Com.,* 39 Cal.2d 83, 91 [244 P.2d 889].) But liberal construction does not justify writing into the statute a provision which is not to be found therein even by the most liberal reading of its terms. By the express terms of section 4700 it applies only to ''the liability of the employer under Articles 2 and 3.'' The Subsequent Injuries Fund is

neither an "employer" nor is the liability fixed on it found in either article 2 or 3. The conclusion is inescapable that the provisions of section 4700 have no application to the Subsequent Injuries Fund.

Respondents suggest that the right to these payments was vested in the deceased employee at the time of his death independently of section 4700. We need not decide this question. If the liability of the Subsequent Injuries Fund to deceased employee was a debt which survived his death it would be an asset of his estate and, under hornbrook principles, could only be recovered by the executor or administrator of his estate.

The award against Subsequent Injuries Fund is annulled.

Kaufman, P. J., and Brazil, J. pro tem.,* concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 16, 1957. Carter, Jr., was of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.