458 P.2d 848

Kathleen E. **BROCK**, Personal representative of Irvyl L. Harkins, deceased, Plaintiff and Cross Claimant-Appellee,

v.

Winnie **HARKINS**, Widow of Irvyl L. Harkins, Individually and as Administratrix of the Estate of Irvyl L. Harkins, Deceased, Plaintiff and Cross Defendant-Appellant.

No. 300.

Court of Appeals of New Mexico.

July 25, 1969.

Rehearing Denied Aug. 5, 1969.

Certiorari Denied Sept. 17, 1969.

Pat Chowning, McAtee, Marchiondo & Michael, Albuquerque, for appellant.

John T. Porter, Smith, Ransom & Deaton, Albuquerque, for appellee.

OPINION

WOOD, Judge.

The widow and two adult children of decedent by a prior marriage disputed the division of proceeds received in settlement of litigation brought in connection with the death of Irvyl Harkins. The trial court, after deduction of attorney fees, awarded one-third of the proceeds to each. The widow appeals, contending: (1) A portion of the proceeds were for claims other than the claim for wrongful death, (2) the children were not entitled to any of the proceeds because they suffered no pecuniary loss from the death, and (3) proceeds of a wrongful death settlement are to be paid solely to a surviving widow if there are no minor or dependent children.

*Whether a portion of the proceeds were for claims other than wrongful death.*

Decedent was killed in an automobile accident. One of the adult children, as personal representative, sued for his wrongful death. The widow, individually and as administratrix of decedent's estate, sued claiming various damages including medical, hospital and funeral expenses and loss

of consortium. These two suits were consolidated and an amended complaint was filed. The amended complaint was, in effect, a reiteration of the claims made in the two complaints prior to consolidation.

After the amended complaint was filed a settlement was reached. As a result of the settlement the litigation was dismissed as to the defendants. The court retained jurisdiction to adjudicate the dispute as to distribution of the settlement proceeds.

■ The widow asserts that some part of the settlement proceeds should have been apportioned to her on the basis of claims made by her that were not included in the wrongful death claim. We are not required to pass on the validity or to consider which, if any, of her claims were not included in the wrongful death claim.

The trial court had determined, prior to the settlement, that the widow, as administratrix, was to have exclusive control of the trial and any settlement. The parties stipulated that the widow had " * * * effected a settlement of the claim for the wrongful death * * *" of decedent. The stipulation names the amount of this settlement; the sum is the amount of the disputed proceeds. The judgment apportioning the proceeds refers to " * * * the proceeds recovered for the wrongful death * * *"

There is nothing in the record indicating any portion of the settlement was for any claim apart from the wrongful death claim. The trial court did not err in failing to apportion any part of the proceeds to non-wrongful death claims because there is nothing indicating any of the proceeds were attributable to those claims.

The widow seems to contend that she was not permitted to show, at the trial, that a portion of the proceeds were attributable to claims not a part of the wrongful death claim. This is incorrect. The record shows that the parties stipulated as to the facts, none of which raised this issue. Further, the record does not show any attempt by the widow to introduce evidence apart from the stipulation.

*Lack of pecuniary loss on the part of the children.*

The children suffered no pecuniary loss as a result of their father's death. The widow asserts that our wrongful death statute is intended to compensate the named statutory beneficiaries for pecuniary loss resulting from the wrongful death. Section 22–20–3, N.M.S.A.1953. Because the children suffered no pecuniary loss, the widow claims they are not entitled to a share of the wrongful death proceeds.

We do not decide whether a showing of pecuniary injury is a requisite to recovery of damages for wrongful death. That issue is pending before us in the case of Sister Mary Assunta Stang v. Hertz Corporation and Firestone Tire & Rubber Company, Ct.App. No. 312, submitted for decision on June 23, 1969. It is not disputed that the widow suffered pecuniary injury by the wrongful death.

In designating the beneficiaries § 22–20–3, supra, states " * * * if there be a surviving * * * wife and a child or children * * * then equally to each, * * *"

■ Must the widow, who has suffered pecuniary injury, share the proceeds with two children who did not suffer pecuniary injury? This point was discussed in Valdez v. Azar Bros., 33 N.M. 230, 264 P. 962 (1928). Although the opinion was withdrawn because the appeal was decided on other grounds, the withdrawn opinion was quoted with approval in Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540 (1936). *Hogsett* quotes *Valdez* as stating:

" * * *. It [the statute] does not provide for a finding by the jury as to which of the kindred have suffered loss, nor in what proportions. It does not provide for distribution of the proceeds of the judgment in proportion to the losses suffered, but, arbitrarily, according to kinship. In such a case as that at bar

the loss shown to have been suffered by one only of the three beneficiaries, and which the jury is directed to take into consideration in assessing damages, would inure to the benefit of the other two, in the equal distribution of the proceeds of the judgment."

If pecuniary injury is a requisite for recovery of damages for wrongful death, it is sufficient if one member of the same class of statutory beneficiaries suffers pecuniary injury. In such a case, the damages inure to every member of the same class. Valdez v. Azar Bros., supra, as quoted in Hogsett v. Hanna, supra. The widow's pecuniary injury in this case inures to the benefit of the children. The fact that the children did not suffer pecuniary injury does not bar them from a distributive share of the proceeds under the facts of this case.

*Whether "child" in § 22–20–3, supra, means a minor or dependent child.*

■ Relying on decisions from other jurisdictions, the widow contends that "child," as used in § 22–20–3, supra, means a minor or dependent child. Because the children in this case are adults and not dependent, the widow asserts they are not entitled to share in the wrongful death proceeds.

Section 22–20–3, supra, does not qualify the word "child" by the words "minor" or "dependent." The widow would have us add these qualifications, contending that such a holding would be consistent with the alleged requirement that there must be a pecuniary injury. She claims that only a minor or dependent child would suffer a pecuniary injury.

Again, we pass the invitation to determine, in this opinion, whether a pecuniary injury is required to recover damages for wrongful death. Here we are not concerned with the recovery of damages since the proceeds were obtained by a settlement of the litigation. Our concern is with the distribution of those proceeds. Section 22–20–3, supra, " * * * does not provide for distribution of the judgment in proportion to losses suffered, but, arbitrarily, according to kinship * * *." Valdez v. Azar Bros. supra, as quoted in Hogsett v. Hanna, supra.

An 1891 amendment to § 22–20–3, supra, provided that a surviving wife and children were to share equally. Laws 1891, ch. 49 § 2. Prior to the 1891 amendment, § 22–20–3, supra, provided that wrongful death damages were to " * * * be sued for and recovered by the same parties and in the same manner * * *" as provided in § 22–20–4, N.M.S.A.1953. Further, the proceeds recovered went " * * * to the surviving parties, who may be entitled to sue, * * *." In 1891, § 22–20–4, supra, provided that children could recover only if a surviving spouse failed to sue within six months of the death, and then only if the children were minors.

Thus, the 1891 amendment eliminated the requirement that a child be a minor in order to share in the proceeds obtained for the wrongful death of a parent. The wording of § 22–20–3, supra, prior to the 1891 amendment is a guide to the meaning of that section as amended in 1891. Munroe v. Wall, 66 N.M. 15, 340 P.2d 1069 (1959). The elimination, in 1891, of the requirement that a child be a minor, indicates to us that the Legislature intended no qualification to the word "child."

Section 22–20–3, supra, is not ambiguous and is to be given effect as written. See Fort v. Neal, 79 N.M. 479, 444 P.2d 990 (1968). As written, a child shares equally with the widow in the wrongful death proceeds. The fact that the two children were adults and not dependent on decedent does not bar them from a distributive share of the proceeds from the settlement of the wrongful death claim.

The judgment is affirmed.

It is so ordered.

OMAN and HENDLEY, JJ., concur.