463 P.2d 45

Sister Mary Assunta STANG, Personal Representative for Catherine Lavan, Deceased, Plaintiff-Appellant,

v.

HERTZ CORPORATION, a corporation, and Firestone Tire & Rubber Company, a corporation, Defendants-Appellees.

No. 312.

Court of Appeals of New Mexico.
Nov. 26, 1969.

Certiorari Issued Jan. 2, 1970.

Richard E. Ransom, William G. Gilstrap, Smith, Ransom & Deaton Albuquerque, for plaintiff-appellant.

James C. Ritchie, Robert G. McCorkle, Rodey, Dickason, Sloan, Akin & Robb, Allen C. Dewey, Peter J. Broullire, III, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

## OPINION

WOOD, Judge.

Catherine Lavan died from injuries received in an automobile accident. Plaintiff, her personal representative, sought damages for the value of her life, for her conscious pain and suffering from the injury until death, for medical and related care of decedent and the reasonable expense of decedent's funeral and burial. On the basis of stipulated facts, the trial court ruled the personal representative could not recover any of the foregoing items of damage. Plaintiff appeals from the order dismissing her complaint. No issue is presented concerning the expenses of the funeral and burial. We decide whether the other items of damage may be recovered (if liability is established—a point not involved in this appeal). Our decision answers two questions: (1) If there is no pecuniary injury to the statutory beneficiaries, may there be a recovery for the wrongful death of decedent? (2) Under the facts of this case, may the personal representative recover for decedent's conscious pain and suffering and medical and related care from the injury until death? We answer "yes" to both questions.

*Recovery of damages absent pecuniary injury to a statutory beneficiary.*

Catherine Lavan was a college graduate and experienced in teaching and school administration. At the time of her death she was serving as director of a church school; this position is similar to that of "principal" in a public school. If called as a witness, the personnel director of the Albuquerque Public Schools would testify that decedent qualified for employment in that public school system " * * * at an annual gross salary of $11,668 as a grade school principal, together with fringe benefits amounting to approximately 22% of said gross salary, * * *"

However, decedent was a nun; a member of the Sisters of Charity. She had taken the simple, but perpetual, vow of poverty. Her statutory beneficiaries under § 22–20–3, N.M.S.A.1953 are brothers and sisters. It is stipulated:

"There is no substantial evidence from which could be found that the statutory beneficiaries * * * would have had, on the date of their sister's death, any reasonable expectancy of pecuniary benefit from her continued life."

Section 22–20–3, supra, states that damages may be awarded " * * * taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, * * *." "Pecuniary injury" means a reasonable expectation of pecuniary benefits from the continued life of the deceased. Whitmer v. El Paso & S.W. Co., 201 F. 193 (5th Cir. 1912). See Varney II (Varney v. Taylor, 77 N.M. 28, 419 P.2d 234 (1966)); Mares v. New Mexico Public Service Co., 42 N.M. 473, 82 P.2d 257 (1938) [overruled on other grounds, Montgomery v. Vigil, 65 N.M. 107, 332 P.2d 1023 (1958)].

The stipulated fact, then, is that there was no pecuniary injury to the statutory beneficiaries as a result of their sister's death. If a pecuniary injury to brothers and sisters could be presumed, a point we do not decide, that presumption no longer existed when it was stipulated that in fact there was no pecuniary injury. See Payne v. Tuozzoli, 80 N.M. 214, 453 P.2d 384 (Ct. App.1969) and cases therein cited.

Because there was no pecuniary injury to the statutory beneficiaries, the trial court held there could be no recovery for the death of decedent. Plaintiff assumes there must be a pecuniary injury but contends the pecuniary injury " * * * is measured by reference to the deceased, not by reference to beneficiaries." Defendant Firestone (Firestone Tire & Rubber Company) asserts damages for wrongful death are not recoverable if there is no pecuniary injury to at least one statutory beneficiary. Compare Brock v. Harkins, 80 N.M. 596, 458 P.2d 848 (Ct.App.1969), cert. denied 80 N.M. 607, 458 P.2d 859 (1969). Defendant Hertz (Hertz Corporation) takes the position that in the absence of pecuniary injury to a statutory beneficiary there can be no recovery of substantial damages. Hertz' position recognizes a right to sue for wrongful death but would prohibit recovery of other than nominal damages where there is no pecuniary injury to a statutory beneficiary. Apparent support for each of these views may be found in language of our New Mexico Supreme Court decisions.

We do not agree with any of these views. Section 22–20–3, supra, clearly permits the fact finder to consider the pecuniary injury to the statutory beneficiaries in awarding compensatory damages for wrongful death. It does not, as plaintiff contends, refer to the pecuniary injury of the deceased. It does not, as defendants contend, say that no damages (or no substantial damages) may be recovered if a statutory beneficiary has not suffered pecuniary injury as a result of the death.

Pecuniary injury to a statutory beneficiary is an element to be considered in awarding damages under § 22–20–3, supra. Its absence (or presence) is to be considered in arriving at the amount of the award. Proof of pecuniary injury is not a prerequisite to recovery of damages for wrongful death. Pecuniary injury to the statutory beneficiary is proved so that the fact finder may consider this injury in awarding damages for the wrongful death. Damages for the wrongful death may be recovered by proof of the present worth of life of decedent to the decedent's estate. We reach these views by considering the history, content and intent of our statute and by considering the court decisions interpreting our statute.

*The Statute.*

According to Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942 (1938), at common law, no cause of action for personal injuries which resulted in death survived in favor of the personal representative of the deceased. The right to recover damages for wrongful death is entirely statutory. Baca v. Baca, 71 N.M. 468, 379 P.2d 765 (1963); see Tauch v. Ferguson-Steere Motor Co., 62 N.M. 429, 312 P.2d 83 (1957); Romero v. A. T. & S. F. Ry., 11 N.M. 679, 72 P. 37 (1903).

Laws 1882, ch. 61, §§ 1–3 provided for the recovery of damages for wrongful death. Section 1 pertained to death caused by common carrier. For present law, see § 22–20–4, N.M.S.A.1953 (Supp.1969). Sec-

tion 2 pertained to death caused by other than common carrier. Section 3 stated that the jury might award damages:

"* * * not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties, who may be entitled. * * *"

This 1882 statute was taken from Missouri. Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540 (1936). The inference in the Missouri cases discussed in Hogsett v. Hanna, supra, is that the wording of our 1882 law permitted, generally, a recovery of damages for wrongful death. Nevertheless, with little if any consideration of this language, precedent indicates that the language quoted from § 3 ("with reference to the necessary injury") limited recovery to the pecuniary injury suffered by the statutory beneficiary entitled to sue. See dissent of Justice Coors in Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274 (1952); Acton v. Shields, 386 S.W.2d 363 (Mo. 1965); Moffatt v. Tenney, 17 Colo. 189, 30 P. 348 (1892). We proceed on the basis that under the 1882 statute there could be no recovery of damages for wrongful death unless a statutory beneficiary suffered a pecuniary injury as a result of the death.

The 1882 statute was amended by Laws 1891, ch. 49. Section 1 of the 1891 Act carried forward the substance of § 2 of the 1882 Act. Its present form, § 22–20–1, N.M.S.A.1953, reads:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

Section 2 of the 1891 Act made substantial revisions in the 1882 law. Among other things, the 1891 Act provided that the statutory action was to be brought in the name of the personal representative rather than in the name of specified beneficiaries. It deleted the phrase "'* * * with reference to the necessary injury resulting from such death, * * *'" and substituted "* * * taking into consideration the pecuniary injury or injuries resulting from such death. * * *" It named various beneficiaries and, significantly in our opinion, added: "* * * if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons." The pertinent portion of its present form, § 22–20–3, supra, reads:

"Every such action as mentioned in section 1821 [22–20–1] shall be brought by and in the name or names of the personal representative or representatives of such deceased person, and the jury in every such action may give such damages, compensatory and exemplary, as they shall deem fair and just, taking into consideration the pecuniary injury or injuries resulting from such death to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. * * *

"* * * [I]f there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."

The adoption of an amendment is evidence of an intention by the Legislature to change the provisions of the original law. Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1965). The foregoing shows that the 1891 amendment made changes. What is the meaning of those

changes? Under the 1882 law pecuniary injury was a prerequisite to a recovery because damages were to be awarded "with reference to the necessary injury" to the parties entitled to sue. Under the 1891 law pecuniary injury is not a prerequisite to a recovery because a judgment may be obtained under that Act even in the absence of statutory beneficiaries and thus in the absence of statutory beneficiaries suffering pecuniary injury. Under the 1891 law, the fact (or absence) of pecuniary injury is a matter to be considered in arriving at the damage award but the existence of a pecuniary injury is no longer the sine qua non for an award.

If, as in this case, there is no pecuniary injury to a statutory beneficiary, what language authorizes a recovery for wrongful death? Section 22–20–1, supra, provides that if a party could have recovered damages if death had not occurred " * * * in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured." Section 22–20–3, supra, refers to "every such action" mentioned in § 22–20–1, supra. This language authorizes recovery of damages for wrongful death.

■ Our view of the content of our statutes, §§ 22–20–1 and 22–20–3, supra, after the 1891 amendment, is that damages are recoverable for wrongful death if damages could have been recovered if there had been no death. However, in fixing the amount of the damage, the pecuniary injury (or lack of it) to the statutory beneficiary is to be considered.

■ This view is consistent with the following rules of statutory construction:

(a) The fundamental rule is that we must ascertain and give effect to the intention of the Legislature. State v. Chavez, 77 N.M. 79, 419 P.2d 456 (1966). The purpose of the Legislature was, at least in part, to make negligence that causes death costly to the wrongdoer. Trujillo v. Prince, 42 N. M. 337, 78 P.2d 145 (1938); Whitmer v. El Paso & S.W. Co., supra.

(b) We must consider the language of the Act as a whole. State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967). We have done so. We have considered the reference to pecuniary injury but have also considered the reference in § 22–20–1, supra, to liability "in every such case."

(c) The statute must be construed so that no word and no part of the statute is rendered surplusage or superfluous. Cromer v. J. W. Jones Construction Co., 79 N.M. 179, 441 P.2d 219 (Ct.App.1968). To hold that pecuniary injury " * * * to the surviving party or parties entitled to the judgment * * * " is a prerequisite to a recovery of damages for wrongful death would make superfluous the provision allowing recovery where there are no such surviving parties.

*The cases.*

At least three New Mexico decisions state that the measure of damages for wrongful death is the worth of life of decedent to the estate. This statement is almost immediately followed by a statement indicating the measure of damages is the pecuniary injury to the statutory beneficiaries. Varney II, supra, Duncan v. Madrid, 44 N.M. 249, 101 P.2d 382 (1940); Mares v. New Mexico Public Service Co., supra. None of these cases considered the question presented in this case—whether there may be a recovery of damages for wrongful death in the absence of pecuniary injury to the statutory beneficiaries.

The question was presented, but not answered, in Varney III [Varney v. Taylor, 79 N.M. 652, 448 P.2d 164 (1968)]. The opinion states:

"Defendants argue that the court, on remand, failed to follow our opinion and the mandate in that it did not limit recovery to the pecuniary injuries to the surviving parties entitled to judgment, in this case decedent's father and mother. As we understand their argument, it is essentially that the award must be limited

to the amount the father and mother of decedent might reasonably have expected to receive as pecuniary benefits from the continued life of their son, an amount which would have been considerably less than was awarded on remand. That argument, however, was disposed of by the former opinion in saying:

"'* * * recovery belongs to the relative for whose benefit the suit is brought, and the right of recovery extends to those distributees named in the statute, or to those entitled under the laws of descent and distribution, in the same manner and to the same extent as is given to the wife and children of the decedent.'

"Our holding in that respect became the law of this case, and is binding upon us and the litigants upon a subsequent appeal."

Four opinions have discussed the question presented in this case; they are evenly divided as to the result indicated. We discuss each of them.

Cerrillos Coal R. Co. v. Deserant, 9 N.M. 49, 49 P. 807 (1897) rules on at least four items of wrongful death damage. The opinion declares how the present worth of the life of deceased is to be determined. That holding has been consistently followed. Varney II, supra; Duncan v. Madrid, supra; Mares v. New Mexico Public Service Co., supra; Hogsett v. Hanna, supra. This appeal is not concerned with how present worth of life is to be measured.

*Cerrillos,* supra, also contained statements concerning exemplary damages and the pain and suffering of a decedent. We will refer to these in answering the second question in this appeal. In addition *Cerrillos,* supra, states:

"The rule in statutory actions for injuries causing death is, as shown by abundance of authority, that the damages recoverable is compensation for the

pecuniary loss to the parties entitled to recovery." [Citations omitted]

The authority cited is seven decisions from other jurisdictions. Not one of those decisions considered a statute similar to ours after the 1891 amendment, yet that amendment applied to the death involved in the *Cerrillos,* supra, decision. The authority cited considered statutes resembling our 1882 statute. We do not consider the above quoted language from *Cerrillos,* supra, to be authoritative because it did not consider the effect of the changes made in our statute by the 1891 amendment· and because it followed decisions of jurisdictions whose statutes were not similar to the New Mexico statute.

Rival v. A. T. & S. F. Ry., 62 N.M. 159, 306 P.2d 648, 64 A.L.R.2d 1098 (1957) was an action for death under the Federal Employers' Liability Act. This opinion quotes from 25 C.J.S. Death § 26, to the effect that under most wrongful death statutes, pecuniary loss to the statutory beneficiaries is essential to the recovery of any compensation. We do not consider this statement as an authoritative interpretation of the New Mexico wrongful death statute. The opinion does not refer to our statute nor to any New Mexico decision concerning our statute.

Persuasive to us is the reasoning in the withdrawn opinion of Justice Watson in Valdez v. Azar Bros., 33 N.M. 230, 264 P. 962 (1928).[1] Justice Watson reasoned that substantial damages were recoverable without proof of pecuniary loss. Defendants contend this reasoning should not be followed because the Justice characterized our statute as a survival statute. They assert that this characterization, if correct at the time, is no longer accurate. They state that because of a 1961 ·amendment (Laws 1961, ch. 202, § 1) to § 22–20–2, N.M. S.A.1953 (Supp.1969) our statute may no longer be characterized as a survival statute.

1. All of Justice Watson's withdrawn opinion pertinent to the wrongful death damage question is quoted in Hogsett v. Hanna, supra.

Justice Watson stated:

" 'If the legislature intended no more than to compensate those of the surviving kindred who had suffered pecuniary loss, the statute is ill-designed for that purpose. It does not provide for a finding by the jury as to which of the kindred have suffered loss, nor in what proportions. It does not provide for distribution of the proceeds of the judgment in proportion to the losses suffered, but, arbitrarily, according to kinship. * *

" ' * * *

" 'These considerations lead us to conclude that our statute resembles rather those which provide for compensation to the estate than those which provide compensation for pecuniary loss to named kindred. * * *' "

Thus, Justice Watson's reasoning is based on the statutory language. The amendment to § 22-20-2, supra, did not change that language. The statutory language relied on by Justice Watson remains in the statute; his reasoning in connection with that language is applicable and is not weakened by arguments concerning how our statute should be characterized.

Defendants also attempt to distinguish Justice Watson's reasoning. They refer us to the following in Justice Watson's opinion:

" ' * * * The evidence of pecuniary loss to these beneficiaries, if not wholly lacking, is very slight. * * *

" ' * * *

" ' * * * We have only to determine the validity of appellants' contention that the evidence warranted only nominal damages. This contention we must overrule, without speculation at this time as to the effect, in some other case, of the provision that the jury should consider the pecuniary injury to the party entitled to the judgment. * * *' "

Defendants point out there was *some* evidence of pecuniary injury and that Justice Watson did not decide what effect was to be given the language providing that con-

sideration is to be given to the pecuniary injury to the statutory beneficiaries. We do not agree that defendants' analysis provides a basis for distinguishing the reasoning of Justice Watson. Even if there was *some* evidence of pecuniary injury, the Justice was of the view that substantial damages were recoverable without proof of pecuniary injury. Although Justice Watson did not indicate what effect was to be given the statutory language concerning pecuniary injury, he did indicate that damages were recoverable without proof of pecuniary injury. Further, Varney II, supra, and Varney III, supra, were concerned with how pecuniary injury may be proved and thus gave effect to the pecuniary injury provisions.

Justice Watson's reasoning was relied on in Hogsett v. Hanna, supra. That case states:

"The defendant strenuously urges that, since the court concluded that plaintiff had failed to prove any pecuniary damages to the father and mother of deceased, they being the ones shown by the evidence to be entitled to the distribution of the proceeds of any judgment obtained on account of the death of the deceased, the court erred in rendering judgment for $15,000 against the defendant. * * *"

The opinion in Hogsett v. Hanna, supra, specifically reaffirmed that portion of Cerrillos Coal R. Co. v. Deserant, supra, which states how present worth of life is to be determined. Although *Hogsett,* supra, does not refer to the *Cerrillos,* supra, statement to the effect that the damages recoverable were for the pecuniary injury, *Hogsett,* supra, reaches the opposite result. Although the statutory beneficiaries had failed to prove any pecuniary injury, our Supreme Court affirmed the judgment. It did so because there was substantial evidence of the worth of the life of deceased.

Hogsett v. Hanna, supra, has not been overruled. Rather, it has been cited with approval. Varney II, supra; Duncan v. Madrid, supra. The result in Hogsett v.

Hanna, supra, and the reasoning of Justice Watson in the withdrawn opinion is consistent with the statutory language and with the legislative purpose to make negligence causing death costly to the wrongdoer. Pecuniary injury to the statutory beneficiaries, or the lack of it, is an item to be considered in arriving at the damages to be awarded. See Barnes v. Smith, 305 F.2d 226 (10th Cir. 1962). Such pecuniary injury, however, is not a condition precedent to recovery. Damages may be recovered for wrongful death without proof of pecuniary injury.

The trial court erred in holding plaintiff could not recover damages for the wrongful death of decedent.

*Recovery of damages for decedent's conscious pain and suffering, and medical and related care, from the injury until death.*

■ If a party could have recovered damages without there being a death, § 22–20–1, supra, provides that the defendant who would have been liable if there had been no death, "shall be liable" notwithstanding the death. The defendant is liable "in every such case." The liability is "for damages." This statutory language authorizes recovery for pain and suffering and for medical and related care between injury and death if they were recoverable by an injured party who did not die. An injured party may recover damages for these items. Jones v. Pollock, 72 N.M. 315, 383 P.2d 271 (1963).

Our view of the statute is contrary to Cerrillos Coal R. Co. v. Deserant, supra. There it was held that in determining damages for wrongful death nothing was to be included for the suffering or anguish of the deceased. Our view is consistent with Rival v. A. T. & S. F. Ry., supra. That opinion indicates that damages might be recovered for pain and suffering. For reasons previously stated, we do not consider either of these opinions as authoritative. The question was raised, but not decided, in Hodgkins v. Christopher, 58 N.M. 637, 274 P.2d 153 (1954).

Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149 (1961), is pertinent. That opinion states that our wrongful death statute:

"* * * warrants the allowance to the administrator of the decedent's damages prior to death, provided they are not the same as those for which the husband, individually, has a right of recovery."

*Kilkenny,* supra, cannot be held to apply in this case however unless we can resolve two questions resulting from the foregoing quotation.

■ First, § 22–20–3, supra, states that the action is to be brought by the personal representative. The quotation from *Kilkenny,* supra, does not refer to the personal representative; it refers to the administrator. While the administrator may be the personal representative, there may be a personal representative who is not the administrator. See Henkel v. Hood, 49 N.M. 45, 156 P.2d 790 (1945). Further, the personal representative recovers damages under our wrongful death act on behalf of the statutory beneficiaries. Section 22–20–3, supra. The recovery is not a part of decedent's estate. Trefzer v. Stiles, 56 N.M. 296, 243 P.2d 605 (1952).

Thus, there appears to be an inconsistency in the *Kilkenny,* supra, statement that an administrator may recover decedent's damages prior to death and that this recovery is authorized by our wrongful death statute. The inconsistency · is resolved, however, if "administrator" is read to mean "personal representative." We think this was what was meant in *Kilkenny,* supra. If, however, our view is wrong, it does not change the result in this case. Although plaintiff sues as personal representative of Catherine Lavan, she pleads that in fact she is the duly appointed ancillary administratrix with the Will annexed in the matter of the Last Will and Testament of the decedent. Plaintiff can recover for decedent's damages prior to death as personal representative since in fact she is the administratrix.

Second, decedent's damages prior to death may not be recovered if someone else has a right to recover those damages. Thus in *Kilkenny,* supra, the personal representative (administrator) could not recover if the damages prior to death could be recovered by the husband as an individual. This requirement does no more than give effect to the statutory language. Under § 22–20–1, supra, the damages recoverable are those that the person injured could have recovered if that person had not died. If the injured person could not have recovered for damages prior to death, because the recovery belonged to a parent, spouse, or some other person, then the personal representative (administrator) cannot recover them.

Even though applicable, defendants assert in effect that *Kilkenny,* supra, was incorrectly decided. They rely on two of the holdings in Cerrillos Coal R. Co. v. Deserant, supra. First, they refer us to the holding that there could be no recovery for the pain and suffering of decedent. This holding follows from the decision that recovery was for the pecuniary injury to the statutory beneficiaries. We have rejected this view. We also reject the view that the pain and suffering of deceased may not be recovered. Our statute, §§ 22–20–1 and 22–20–3, supra, permits such a recovery.

Defendants' second attack on the correctness of *Kilkenny,* supra, is concerned with the language in § 22–20–3, supra, which permits the fact finder, in awarding damages to have:

"* * * regard to the mitigating or aggravating circumstances attending such wrongful act, * * *."

Defendants rely on the *Cerrillos,* supra, holding that this language applies only to the question of exemplary damages (they are not involved in this case) and do not apply to the question of compensatory damages. Defendants point out that *Kilkenny,* supra, relied on the above quoted language in allowing recovery of decedent's damages prior to death.

We agree that *Kilkenny,* supra, and *Cerrillos,* supra, cannot be reconciled in the effect they give to the statutory language concerning mitigating or aggravating circumstances. Our view is that *Cerrillos,* supra, gave too narrow a view to the statute; since § 22–20–3, supra, expressly states the fact finder may award exemplary damages. To say that the reference to mitigating or aggravating circumstances refers only to exemplary damages is to say the Legislature said the same thing twice. This view renders a part of the statutory language superfluous. But we are to construe the statutory language to avoid such a result. Cromer v. J. W. Jones Construction Co., supra. In our opinion *Kilkenny,* supra, did avoid such a result and gave proper effect to the statutory language. That opinion relied in part on "the mitigating and aggravating circumstances" in holding there may be a recovery for damages sustained by the decedent between the date of injury and date of death.

Defendants assert that if *Kilkenny,* supra, was correct when decided, it is no longer correct because of subsequent changes in the statute. Their argument here is based on § 22–20–2, supra, and its amendment in 1961. That section reads:

"Every action instituted by virtue of the provisions of this and the preceding section [22–20–1] must be brought within three [3] years after the cause of action accrues. The cause of action accrues as of the date of death."

The 1961 amendment added the second sentence.

Prior to the 1961 amendment, decisions concerned with when the limitation period began to run had held that the cause of action accrued at the time of the injury. Natseway v. Jojola, supra; State v. District Court of the Sixth Judicial Dist., 55 N.M. 135, 227 P.2d 937 (1951). In so holding, our statute was characterized as a survival statute. Kilkenny v. Kenney, supra, also referred to our statute as a survival statute. This characterization of our statute was based on the view that no new

cause of action arose upon the death of decedent.

The 1961 amendment provided that the cause of action accrued as of the date of death. Defendants contend that with this amendment, our statute can no longer be considered a survival statute. Baca v. Baca, supra, discussed, but did not decide, this point. Defendants refer us to the following language from *Baca,* supra:

"* * * While the wrongful death act was said * * * to be a survival statute, it has actually been held to be one in survival only in the sense that the cause of action accrues at the date of the injury and does not create a new cause of action upon the death of the injured person. * * *

" * * * [W]e note that the legislature, by Ch. 202, New Mexico Session Laws, 1961, amended the statute to provide that the cause of action for a wrongful death accrues at the time of death, thereby suggesting the possibility that the legislature considered the statute as not being one of survival. * * * "

If our statute is not a survival statute, defendants assert that there may be no recovery except for the death itself. The effect of this argument, in this case, is that there could be no recovery for the pain and suffering and medical and related care prior to death.

█ In our opinion, contentions over whether our statute is one of survival confuses the end result with the means to the end. The issue is what damages may be recovered under the language of our statute. Prior to the 1961 amendment, it had been held that no new cause of action arose upon the death of decedent. Natseway v. Jojola, supra; State v. District Court of the Sixth Judicial Dist., supra. Our wrongful death act "preserves" the right of action, Whitmer v. El Paso & S. W. Co., supra, and transmits to the personal representative the cause of action which the injured person would have had if death had not ensued. See Hogsett v. Hanna, supra.

Did the 1961 amendment to § 22–20–2, supra, change the rule that the injured person's cause of action is handed on to the personal representative? No. What did the amendment do? It removed the illogic from the decisions interpreting § 22–20–2, supra, prior to the 1961 amendment. We have previously referred to the decisions holding that the cause of action under our wrongful death statute accrued at the date of injury. This is not logical. The action under our statute is in the personal representative, Baca v. Baca, supra. The personal representative has no cause of action, nothing has been transmitted to him, until the injured person dies. Thus, the decisions prior to the 1961 amendment held the limitation period was running as to the personal representative's cause of action prior to the time the statute authorized him to sue. The 1961 amendment provides the cause of action accrues upon death of the injured person. That is logical for at that point the injured person's cause of action has been handed over to the personal representative. At that point our statute authorizes the personal representative to proceed. As we see it, the 1961 amendment does no more than change the time when the limitation period begins to run against the personal representative's cause of action. The amendment to § 22–20–2, supra, made no change in the damages the personal representative might recover. Those damages are authorized in §§ 22–20–1 and 22–20–3, supra.

█ Kilkenny v. Kenney, supra, in our opinion, was correctly decided and was not reversed by the 1961 amendment to § 22–20–2, supra. *Kilkenny,* supra, is consistent with the language of the statute. The trial court erred in holding the personal representative of decedent, who is the administratrix of decedent's estate with the Will annexed, cannot recover, under our wrongful death act, for decedent's conscious pain and suffering and medical and related care between the injury and death.

Defendants have relied on N.M.U.J.I. 14.-17 in presenting their contentions in con-

nection with both of the questions answered in this opinion. To the extent that the instruction is contrary to the views expressed herein, it is wrong.

The order of the trial court is reversed. The cause is remanded with instructions to vacate that order and reinstate plaintiff's amended complaint on the docket.

It is so ordered.

SPIESS, C. J., concurs.

OMAN, J., dissenting.

OMAN, Judge (dissenting).

The majority and I agree:

(1) By reason of the stipulation we must proceed on the basis of a total absence of either presumption or evidence of pecuniary injury to the statutory beneficiaries.

(2) No issue has been presented as to the claimed right of plaintiff to recover funeral and burial expenses, so this question is not before us.

(3) The right to recover damages for wrongful death is entirely statutory. Our Wrongful Death Act appears as §§ 22–20–1, 2 and 3, N.M.S.A.1953, as amended by Laws 1961, ch. 202, § 1 [§ 22–20–2, N.M. S.A.1953 (Supp.1969)].

(4) The positions of the respective parties are as set forth in the majority opinion.

(5) Language apparently supporting each of these positions may be found in the decisions of our Supreme Court.

The majority and I differ as to the proper interpretation of our Wrongful Death Act, and, particularly, as to the meaning and effect to be given the decisions of our Supreme Court over the years in construing and applying the provisions of the Act. I would add the following to the rules of statutory construction recited in the majority opinion:

(1) The Wrongful Death Act, being in derogation of the common law, must be strictly construed, if its terms are of doubtful meaning. Romero v. A. T. & S. F. Ry.,

11 N.M. 679, 72 P. 37 (1903). See also, Ickes v. Brimhall, 42 N.M. 412, 79 P.2d 942 (1938); McGinty v. Ballentine Produce, Inc., 241 Ark. 533, 408 S.W.2d 891 (1966); Saunders v. Hill, 202 A.2d 807 (Del.1964); Holland v. Hall, 145 So.2d 552 (Fla.App. 1962).

I am cognizant of the fact that other jurisdictions take different views as to the liberality or strictness with which wrongful death statutes should be construed. See Speiser, Recovery for Wrongful Death, § 1:10 (1966), and cases cited thereunder.

(2) A legislative re-enactment of a statutory provision, or statutory language, which has been judicially construed for a long period of time, constitutes legislative approval of that construction. State v. Lykes Brothers Steamship Co., 277 Ala. 178, 168 So.2d 211 (1964); Subsequent Injuries Fund State of California v. Industrial Acc. Comm., 151 Cal.App.2d 147, 311 P.2d 42 (1957); Turner v. Scanlon, 146 Conn. 149, 148 A.2d 334 (1959); Collins Investment Co. v. Metropolitan Dade County, 164 So. 2d 806 (Fla.1964); City of Champaign v. City of Champaign Township, 16 Ill.2d 58, 156 N.E.2d 543 (1959); DeWitt v. Rissman, 218 Or. 549, 346 P.2d 104 (1959); Southeastern Aviation, Inc. v. Hurd, 209 Tenn. 639, 355 S.W.2d 436 (1962), appeal denied, 371 U.S. 21, 83 S.Ct. 120, 9 L.Ed.2d 96 (1962). This rule is especially applicable when the judicial construction of the re-enacted statutory provision or language, is the construction placed thereon by a court of last resort. State v. McKenney, 268 Ala. 165, 105 So.2d 439 (1958); State ex rel. Matheny v. Probate Court of Marion County, 239 Ind. 518, 159 N.E.2d 128 (1959); Jeruzal v. Herrick, 350 Mich. 527, 87 N.W.2d 122 (1957); Misle v. Miller, 176 Neb. 113, 125 N.W.2d 512 (1963); Commercial Credit Corp. v. Pottmeyer, 176 Ohio St. 1, 197 N.E.2d 343 (1964); In re Borough of Aliquippa, 405 Pa. 421, 175 A.2d 856 (1961); Heaton v. Bristol, 317 S.W.2d 86 (Tex.Civ.App. 1958), cert. denied, 359 U.S. 230, 79 S.Ct. 802, 3 L.Ed.2d 765 (1958).

In addition to the original enactment in Laws 1882, ch. 61, the amendment thereof by Laws 1891, ch. 49, and the 1961 amendment to § 22–20–2, supra, all of which are referred to in the majority opinion, I call attention to the re-enactment of § 2 of the 1891 Act in its entirety by Laws of 1939, ch. 105. Certain language was added to the second paragraph of § 2 of the 1891 Act by the 1939 re-enactment, but none of this language is pertinent to the questions presented here. The pertinent portions of § 22–20–3, supra, which are found in the 1891 Act and also in the 1939 re-enactment thereof, are quoted in the majority opinion. Insofar as an award of compensatory damages is concerned, the pertinent language is:

" * * * the jury in every such action may give such damages, compensatory * * * as they shall deem fair and just, *taking into consideration the pecuniary injury or injuries resulting from such death* to the surviving party or parties entitled to the judgment, or any interest therein, recovered in such action, * *." [Emphasis added].

The pertinent language in the 1882 Act is quoted in the majority opinion. The material difference between the language thereof and the language of the 1891 Act is that instead of the above emphasized language in the quotation from § 22–20–3, supra, the 1882 Act read: " * * * with reference to the necessary injury resulting from such death, * * *."

It is conceded in the majority opinion that " * * * precedent indicates that the language [in the 1882 Act] * * * limited recovery to the pecuniary injury suffered by the statutory beneficiary entitled to sue. * * *" The majority, however, contend, that by reason of the changes in the 1891 law, pecuniary injury was no longer a prerequisite to a recovery of damages. They arrive at this conclusion because of the foregoing noted change from "with reference to the necessary injury" to "taking into consideration the

pecuniary injury," and the addition of the following language:

" * * * if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."

In regard to the change from "with reference to the necessary injury" to "taking into consideration the pecuniary injury," I fail to understand how this change lends support to the contention that pecuniary injury, which had been construed as being essential under the prior language—wherein "pecuniary injury" was not even mentioned—is no longer essential. The present language expressly refers to "pecuniary injury." The only difference between the construction placed on the language in the 1882 Act and the express language of the 1891 Act lies in the difference between "with reference to" and "taking into consideration." I am unable to find that the ordinary and usual meaning given the expression, "with reference to," and particularly in the context with which we are here concerned, signifies or implies any greater exclusiveness of, restriction upon, or direction toward the object thereof—the pecuniary injury—than does the expression, "taking into consideration." I consider these expressions in the context used as being synonymous, or equivalent in effect.

In the first sentence of its discussion on the "rule of damages," our Supreme Court in Cerrillos Coal R. Co. v. Deserant, 9 N.M. 49, 49 P. 807 (1897), stated:

"The rule in statutory actions for injuries causing death is, as shown by abundance of authority, that the *damages recoverable is compensation for the pecuniary loss to the parties entitled to recovery.* Chicago & R. I. R. Co. v. Norris, 26 Ill. 400; Conant v. Griffin, 48 Ill. 410, 412; Pennsylvania Railroad Co. v. Butler, 57 Pa.St. 335, 338; Telfer v. Northern R. Co., 30 N.J.L. 188, 199; Brady v. Chicago, 4 Biss. 448, 451, Fed.

Cas. No. 1,796; South-Western R. R. Co. v. Polk [Paulk] 24 Ga. 356, 366; Moffatt v. Tenney, 17 Colo. 189, 30 P. 348." [Emphasis added].

Insofar as I can find, this was the first construction by our Supreme Court of the damage provision in the 1891 Act. The majority announce they do not consider this language by our Supreme Court as " * * * authoritative because it did not consider the effect of the changes made in our statute by the 1891 amendment and because it followed decisions of jurisdictions whose statutes were not similar to the New Mexico statute."

I disagree with the statement that the decisions from the jurisdictions relied upon did not have "similar" statutes, and I do not know how the majority can say our Supreme Court did not consider the effect of the changes made by the 1891 amendment. In any event, this is the construction placed on the language in question by the Court of Last Resort in New Mexico. This construction has never been overruled. Thus, in accordance with the second rule of statutory construction stated above, the Legislature, by re-enacting this identical language over forty years later in the 1939 amendment, approved this construction. This is the construction adopted by the New Mexico Supreme Court Committee on Uniform Jury Instructions. New Mexico Uniform Jury Instructions, Civil, 1966 (U.J.I. 14.17). This is the construction expressly adopted in Whitmer v. El Paso & S. W. Co., 201 F. 193 (5th Cir. 1912), wherein our statute was being construed and applied. This is consistent with the language in Varney v. Taylor, 79 N.M. 652, 448 P.2d 164 (1968), wherein the court, in announcing a caveat, stated:

"In the light of the circumstances of this case, we now announce a caveat that in the future decedent's anticipated personal living expenses ought to be deducted from the amount otherwise determined *as reasonable compensation for the deprivation of expected pecuniary benefits that would have resulted from the decedent's continued life. * * *"* [Emphasis added].

Although, as observed in the majority opinion, the case of Rival v. A. T. & S. F. Ry., 62 N.M. 159, 306 P.2d 648, 64 A.L.R.2d 1098 (1957), involved an action for death under the Federal Employers Liability Act, our Supreme Court did adopt what it referred to as the general rule as stated in 25 C.J.S. Death § 26. In this rule it is stated:

" 'Under most statutes giving a right of action for death by wrongful act to or for the benefit of designated beneficiaries, pecuniary or material loss to such beneficiaries by reason of the death and consequent upon the relationship between them and deceased is essential to the recovery of any compensation; * * *.' "

This view of construction is also consistent with the views of other jurisdictions, wherein their statutes, as does ours, provide for damages to certain surviving beneficiaries. See Speiser, supra, § 3:1 and cases cited thereunder; 5 Berryman, Sutherland Damages, §§ 1262 and 1263 (4th Ed.1916); 4 Zipp, Shearman and Redfield on Negligence, § 862 (Rev.Ed.1941).

I find no case decided in New Mexico which overrules the construction quoted above from Cerrillos Coal R. Co. v. Deserant, supra. The majority rely on the decision in Hogsett v. Hanna, 41 N.M. 22, 63 P.2d 540 (1936), which quoted at length from the withdrawn opinion of Justice Watson in Valdez v. Azar Bros., 33 N.M. 230, 264 P. 962 (1928). There is no doubt language therein suggests that pecuniary injury to the surviving beneficiary or beneficiaries is not necessary for the recovery of damages. However, that point was not expressly decided. In this regard the Court stated:

" ' * * * The case does not require us to examine the question further. We have only to determine the validity of appellants' contention that the evidence warranted only nominal damages. This contention we must overrule, *without speculation at this time as to the effect,*

*in some other case, of the provision that the jury should consider the pecuniary injury to the party entitled to the judgment.* In reaching the present conclusion, we are not without direct authority. In Whitmer v. El Paso & S. W. Co., supra, the court had under consideration the same statute and a similar case.' " [Emphasis added].

As above stated, the Whitmer case holds that pecuniary loss or injury is the measure of compensatory damages.

The majority state that "Hogsett v. Hanna, supra, has not been overruled." This is true, but, contrary to what the majority state, and as expressly shown by the above quotation therefrom, it did not hold that pecuniary injury to the party or parties entitled to the judgment is not essential. If the majority's appraisal of the holding in Hogsett v. Hanna, supra, be correct, they have failed to point to a single New Mexico case which has affirmed this position. Quite obviously the New Mexico Supreme Court Committee on Uniform Jury Instructions did not so construe the holding in this case, otherwise it would not have adopted in U.J.I. 14.17, supra, the contrary position, which was first anounced in Cerrillos Coal R. Co. v. Deserant, supra. The Committee comments show that both the Cerrillos and Hogsett cases were considered in drafting the instruction.

I appreciate that if the majority appraisal of the decision in Hogsett be correct, and that it did in fact overrule the holding in Cerrillos Coal R. Co. v. Deserant, supra, then my position, that the Legislature by the 1939 enactment adopted the Cerrillos construction, is not valid. However, in my mind there is no doubt that Hogsett did not expressly, or even impliedly, overrule Cerrillos Coal R. Co. v. Deserant, supra.

The second portion of the 1891 amendment, which the majority rely upon as support for their position, is the provision: " * * * if there be none of the kindred hereinbefore named, then the proceeds of such judgment shall be disposed of in the manner authorized by law for the disposition of the personal property of deceased persons."

They immediately conclude that the party or parties, authorized by law to dispose of a decedent's estate, fall outside the class of "the surviving party or parties entitled to the judgment," and, thus, a judgment may be awarded if there be none of the named kindred who sustained pecuniary injury.

The second paragraph of § 22–20–3, supra, merely recites the order of distribution of the proceeds of any judgment recovered. It has no bearing whatever upon the measure of damages, which is defined in the first paragraph. As I read the statute, regardless of whether named kindred or persons entitled to the recovery in the absence of named kindred are the beneficiaries, the measure of damages must be the equivalent of the pecuniary benefits which the beneficiary or beneficiaries might reasonably have expected from the continued life of the deceased.

In my opinion, the problems, which have arisen under our Wrongful Death Act in reference to the question of awarding compensatory damages, have not been occasioned by the requirement that the surviving beneficiary or beneficiaries must have sustained pecuniary injury or loss in order to recover such damages, but rather from the difficulties encountered in defining "pecuniary injury" and in trying to arrive at some formula which will properly include and properly exclude all elements which should be included and excluded in order to work justice between the parties. However, the adoption of the majority view will only serve to compound these problems. Under their view "pecuniary injury" is still to be considered, but it will not be the only consideration and will not be an essential consideration.

I also disagree with the majority view that recovery can be had under our Wrongful Death Act for (1) decedent's conscious pain and suffering, and (2) expenses for

medical and related services rendered decedent prior to his death.

The question is not what a decedent would have been entitled to recover had he survived. Nor are we concerned with the rights of survival or revivor of an action which decedent may have initiated and which was pending at the time of his death. The suit here was brought under our Wrongful Death Act, and any recovery by plaintiff must be pursuant thereto.

Plaintiff, and the majority of this court, rely upon the case of Kilkenny v. Kenney, 68 N.M. 266, 361 P.2d 149 (1961), for support of their position.

As to the claim for decedent's conscious pain and suffering, there is language in the Kilkenny case which supports the position taken by the majority. However, as pointed out by the majority, the opinion in the Kilkenny case clearly states the claim for pain and suffering was brought by the husband as administrator. The court did, however, apparently rely upon the Wrongful Death Act as the basis for this cause of action. In my opinion the court erred in holding the Act authorizes recovery by an administrator for decedent's pain and suffering.

An administrator who brings suit under the Wrongful Death Act does so only as the personal representative of decedent. Section 22–20–3, supra. He is a mere nominal party, and "does not act in his capacity as * * * administrator." Baca v. Baca, 71 N.M. 468, 379 P.2d 765 (1963); Henkel v. Hood, 49 N.M. 45, 156 P.2d 790 (1945).

The majority seek to avoid the effect of this error in the Kilkenny case, by stating they believe what was meant by "administrator" was "personal representative." However, they state if they be wrong in this it does not change the result in the present case because plaintiff, although she sues as personal representative, is also ancillary administratrix with the Will annexed.

It is my position that the court meant "administrator" in the Kilkenny case and it erred in holding an "administrator" may recover under the Wrongful Death Act. Insofar as the majority in the present case suggests it makes no difference in which capacity plaintiff sues, they are also in error. See § 22–20–3, supra; Baca v. Baca, supra; Henkel v. Hood, supra.

If we assume the court in the Kilkenny case really meant "personal representative", then we must look at the particular language in our Wrongful Death Act upon which the court relied for its holding that the Act created a cause of action for " * * * damages sustained by decedent between the date of injury and the date of death." After noting that there is some conflict in the cases as to whether this cause of action comes within a Wrongful Death Act, the court stated:

" * * * but we are of the opinion that the provision in § 22–20–3, supra, which allows a consideration of the mitigating or aggravating circumstances attending the wrongful act, when considered with the language contained in § 22–20–1, supra, warrants the allowance to the administrator of the decedent's damages prior to death, provided they are not the same as those for which the husband, individually, has a right of recovery."

It is apparent the court placed particular reliance upon the following language in § 22–20–3, supra: " * * * and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default. * * *"

In Whitmer v. El Paso & S. W. Co., supra, and Cerrillos Coal R. Co. v. Deserant, supra, it was held that these words have no weight upon or relationship to an award of compensatory damages, but have effect only on the question of allowing or not allowing exemplary damages. This is consistent with the concept of exemplary damages, which are awarded by way of punishment [Fredenburgh v. Allied Van Lines, Inc., 79 N.M. 593, 446 P.2d 868 (1968); Bank of New Mexico v. Rice, 78 N.M. 170, 429 P.2d 368 (1967); Montoya v. Moore,

77 N.M. 326, 422 P.2d 363 (1967)], because of aggravated circumstances [Bank of New Mexico v. Rice, supra; Loucks v. Albuquerque National Bank, 76 N.M. 735, 418 P.2d 191 (1966); Gray v. Esslinger, 46 N. M. 421, 130 P.2d 24 (1942)]. U.J.I. 14.17, supra, is also consistent with this view.

When the Legislature re-enacted this precise language in 1939, it approved the prior construction thereof by our Supreme Court in the Cerrillos case.

The majority agree that the Cerrillos and Kilkenny decisions cannot be reconciled in their treatment of the quoted language from § 22–20–3, supra, but they reject the construction thereof in the Cerrillos case. In so doing, they also necessarily reject the like holding in Whitmer, and the judgment of the New Mexico Supreme Court Committee on Uniform Jury Instructions as to what the law in New Mexico is on this point, and particularly as to pain and suffering—the two elements of claimed damage here involved. U.J.I. 14.17, supra. In my opinion, the majority also necessarily reject a definition of exemplary damages which is consistent with the definitions thereof in all other New Mexico cases, in which the question of exemplary damages has been considered.

The majority urge that since the statute says the jury may award "damages * * * exemplary," to hold the subsequent language, " * * * and also having regard to the mitigating or aggravating circumstances * * * ", relates to exemplary damages, is to say the Legislature repeated itself and is to render a portion of the language superfluous. As above stated, in 1939 the Legislature enacted this entire section knowing the interpretation placed thereon by the highest court in the State over forty years prior thereto. Even if I were able to accept the majority's opinion that the construction in the Cerrillos case was wrong, still a proper exercise of judicial self-restraint would require that we not overrule that construction, since the section was re-enacted by the Legislature

in the light of that construction. See Fireman's Ins. Co. of Newark, N. J. v. Washburn County, 2 Wis.2d 214, 85 N.W.2d 840 (1957).

The statement, that the view taken by the court in the Cerrillos case renders a part of the statutory language superfluous, is, in my opinion, not valid. The same could be said with equal validity about all the language after "exemplary" in the first sentence of § 22–20–3, supra, and about all statutory definitions of words or terms.

Even conceding the correctness of the holding in the Kilkenny case, that holding depended upon the prior holdings that our Act was a survival statute. Natseway v. Jojola, 56 N.M. 793, 251 P.2d 274 (1952); State ex rel. De Moss v. District Court of the Sixth Judicial Dist., 55 N.M. 135, 227 P.2d 937 (1951); Hogsett v. Hanna, supra. In Baca v. Baca, supra, the language of the court clearly states that our Wrongful Death Act, prior to the 1961 amendment, had: " * * * actually been held to be one in survival only in the sense that the cause of action accrues at the date of the injury and does not create a new cause of action upon the death of the injured person. * * * "

Regardless of the extent to which our Act was a survival statute, it is no longer such. The amendment expressly provides: "The cause of action accrues as of the date of death." Section 22–20–2, supra. The majority in their opinion would avoid the effect of this plain legislative language by reasoning that the cause of action already existed, and upon the death of the injured person was transmitted to the personal representative. As they see it, the 1961 amendment " * * * does no more than change the time when the limitation period begins to run against the personal representative's cause of action. * * * " If this is what the Legislature intended, it could easily have so stated. Instead, it said: "The cause of action accrues as of the date of death." 1 Bouv.Law Dict., Rawle's Third Revision, p. 436

(1914), defines "cause of action" in part as follows:

"When a wrong has been committed, or a breach of duty has occurred, the cause of action has accrued. * * * A cause of action does not accrue until the existence of such a state of things as will enable a person having the proper relations to the property or persons concerned to bring an action; * * *"

In Webster's Third New International Dictionary (Unabridged) (1966), "accrue" is defined as meaning "to come into existence as an enforceable claim: vest as a right [a cause of action has *accrued* when the right to sue has become vested]."

Since there was no cause of action for wrongful death at common law, it appears very clear to me that the language of the 1961 amendment provided the cause of action should accrue, or come into existence, as of the date of death. It did not say this was the date of transfer of an existing cause of action from the decedent to the personal representative.

As to the claim for expenses for medical and related services rendered decedent prior to his death, the majority rely upon the Kilkenny case. However, they fail to mention that the claim in that case for hospital and medical expenses was brought by the plaintiff, personally, as the husband of the decedent. As to this cause of action, the court expressly stated:

"* * * The damages sought by appellant as to this cause of action have nothing whatsoever to do with the death, and we do not believe that the Wrongful Death Act applies to common law remedies that heretofore existed and were not repealed by the Act. * * *"

As above stated, no cause of action for wrongful death existed at common law. It exists only by reason of our statute, and it accrues, or comes into existence, only at death. Plaintiff's claim for medical and related services rendered prior to death finds no support in our statute or in the Kilkenny case.

For the reasons stated, I would affirm the order dismissing the complaint. Since the majority take an opposite view, I respectfully dissent.